FILED - SOUTHERN DIVISION
CLERK. U.S. DISTRICT COURT

NOV

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1 | Jeffrey R. Bragalone (*pro hac vice*)
Alfonso Garcia Chan (*pro hac vice*)
2 | Jennifer M. Rynell (*pro hac vice*)
SHORE CHAN BRAGALONE, LLP
3 | 325 North St. Paul Street, Ste. 4450
Dallas, TX 75201
4 | Telephone: 214- 593-9110
jbragalone@shorechan.com
5 | achan@shorechan.com
jrynell@shorechan.com
6 |
7 | Dan E. Chambers (SBN 156853)
Ako S. Williams (SBN 212451)
8 | RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
9 | Costa Mesa, California 92626-1931
Telephone: 714-641-5100
10 | dchambers@rutan.com
awilliams@rutan.com
11 | Attorneys for Plaintiff
DIAGNOSTIC SYSTEMS CORPORATION
12 |
13 | UNITED STATES DISTRICT COURT
14 | CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DIAGNOSTIC SYSTEMS CORP., | CASE NO. SA CV 06-1211 DOC (ANx) **(CONSOLIDATED** with Case No. SACVO7-960 AG (MLGx)) |
| *Plaintiff,* | |
| vs. | |
| SYMANTEC CORPORATION; F-SECURE, INC.; NETIQ CORPORATION; QUEST SOFTWARE, INC.; NETSCOUT SYSTEMS, INC.; INTERNATIONAL BUSINESS MACHINES CORPORATION; SAP AMERICA, INC.; MICROSTRATEGY, INC. d/b/a MSIMICROSTRATEGY INCORPORATED; INFORMATION BUILDERS, INC.; ASPEN TECHNOLOGY, INC. d/b/a MASSACHUSETTS ASPEN TECHNOLOGY, INC. | **PLAINTIFF'S CONSOLIDATED FIRST AMENDED COMPLAINT** **DEMAND FOR JURY TRIAL** Trial Date: October 21, 2008 Proposed Trial Date: March 31, 2009 |
| *Defendants.* | |

ORIGINAL

Shore Chan Bragalone, LLP
attorneys at law

DOCKETED ON CM

NOV 2 7 2007

BY                    178

1
2  DIAGNOSTIC SYSTEMS
   CORPORATION,
3              *Plaintiff,*
4  vs.
5  ORACLE CORPORATION;
   SAS INSTITUTE, INC.;
6  BUSINESS OBJECTS AMERICAS; fka
   BUSINESS OBJECTS INC.;
7  BMC SOFTWARE, INC.;
   COGNOS CORPORATION,
8              *Defendants.*
9

10         **NOTICE OF RULE 16 STATUS CONFERENCE AND
           [PROPOSED] SCHEDULING ORDER**
11

12         Please be advised that the Court has set the Rule 16 Case Management

13  Conference for all parties in this matter on **Thursday, November 29, 2007 at 1:30**

14  **p.m.** PST in Judge David O. Carter's Court in the Central District of California –

15  Southern Division, Reagan Federal Building and Courthouse, Courtroom 9-D, 411

16  West Fourth Street, Santa Ana, California 92701.

17         Attached hereto as Exhibit C is Plaintiff's Proposed Order Modifying the

18  7/23/2007 Scheduling Order, as well as the current 7/23/2007 Scheduling Order.

19  Although the Proposed Order has not yet been agreed upon by all of the current

20  defendants that have already made an appearance in this action, please note that the

21  current parties have agreed upon the proposed new trial date.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## CONSOLIDATED COMPLAINT

For its consolidated complaint against Defendants Symantec Corporation ("Symantec"), F-Secure, Inc. ("F-Secure"), NetIQ Corporation ("NetIQ"), Quest Software, Inc. ("Quest"), NetScout Systems, Inc. ("NetScout"), Oracle Corporation ("Oracle"), SAS Institute, Inc. ("SAS"), Business Objects Americas f/k/a Business Objects, Inc. ("Business Objects"), BMC Software, Inc. ("BMC"), Cognos Corporation ("Cognos"), International Business Machines Corporation, ("IBM"), SAP America, LLC ("SAP"), Microstrategy, Inc. d/b/a MSIMicrostrategy Incorporated ("Microstrategy"), Information Builders, Inc. ("Information Builders"), and Aspen Technology, Inc. d/b/a Massachusetts Aspen Technology, Inc. ("Aspen") (hereinafter collectively "Defendants"), Plaintiff Diagnostic Systems Corporation ("DSC") alleges as follows:

## JURISDICTION AND VENUE

1.     This is a civil action arising in part under laws of the United States relating to patents (35 U.S.C. §§271, 281, 283, 284 and 285). This Court has federal jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     The acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and within this district, among other places. Venue is proper under 28 U.S.C. §§1391(b), 1391(c) and 1400(b), in that Defendants reside in this judicial district and have a regular and established place of business in this District and in that Defendants have committed acts of infringement in this judicial district.

## BACKGROUND AND PARTIES

3.     Plaintiff Diagnostic Systems Corporation is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Newport Beach, California.

4.     On December 23, 1997, the United States Patent & Trademark Office

1  duly and legally issued United States Letters Patent No. 5,701,400 ("the '400

2  patent"), entitled "Method and apparatus for applying if-then-else rules to data sets

3  in a relational data base and generating from the results of application of said rules a

4  database of diagnostics linked to said data sets to aid executive analysis of financial

5  data." A true and correct copy of the '400 patent is attached as Exhibit A and

6  incorporated herein by reference.

7      5.    DSC is the owner by assignment of all rights and interests in the '400

8  patent.

9      6.    On July 16, 1996, the United States Patent & Trademark Office duly

10 and legally issued United States Letters Patent No. 5,537,590 ("the '590 patent"),

11 entitled "Apparatus for applying analysis rules to data sets in a relational database to

12 generate a database of diagnostic records linked to the data sets." A true and correct

13 copy of the '590 patent is attached as Exhibit B and incorporated herein by

14 reference.

15     7.    DSC is the owner by assignment of all rights and interests in the '590

16 patent.

17     8.    Defendant Symantec is a corporation duly organized and existing under

18 the laws of the State of Delaware, with a principal place of business at 20330

19 Stevens Creek Blvd., Cupertino, California 95014. Symantec has appeared in this

20 action.

21     9.    Defendant F-Secure is a corporation duly organized and existing under

22 the laws of the State of California, with a principal place of business at 100 Century

23 Center Court, Suite 700, San Jose, California 95112. F-Secure, Inc. has appeared in

24 this action.

25     10.   Defendant NetIQ is a corporation duly organized and existing under the

26 laws of the State of Delaware with a principal place of business at Park Towers

27 North, 1233 West Loop South, Suite 1800, Houston, Texas 77027. NetIQ has

28 appeared in this action.

11.   Defendant Quest is a corporation duly organized and existing under the laws of the State of California with a principal place of business at 5 Polaris Way, Aliso Viejo, California 92656. Quest has appeared in this action.

12.   Defendant NetScout is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business at 310 Littleton Road, Westford, Massachusetts 01886. NetScout has appeared in this action.

13.   Defendant Oracle is a Delaware corporation having a principal place of business at 500 Oracle Parkway M/S 50P7, Redwood Shores, California 94065. Oracle has appeared in this action.

14.   Defendant SAS is a North Carolina corporation having a principal place of business at SAS Institute, Inc., SAS Campus Drive, Cary, North Carolina 27513. SAS has appeared in this action.

15.   Defendant Business Objects is a Delaware corporation having a principal place of business at 3030 Orchard Parkway, San Jose, California 95134. Business Objects has appeared in this action.

16.   Defendant BMC is a Delaware corporation having a principal place of business at 2101 City West Blvd., Houston, Texas 77042. BMC has appeared in this action.

17.   Defendant Cognos is a Delaware corporation having a principal place of business at 15 Wayside Road, Burlington, Massachusetts 01803. Cognos has appeared in this action.

18.   Upon information and belief, Defendant IBM is a New York corporation having a principal place of business at 1 New Orchard Road, Armonk, New York 10504. Defendant IBM is authorized to do business in California and may be served with process by serving its registered agent CT Corporation System 818 West Seventh Street, Los Angeles, California 90017.

19.   Upon information and belief, Defendant SAP is a Delaware corporation having a principal place of business at 3999 West Chester Pike, Newtown Square,

1  PA 19073. Defendant SAP is authorized to do business in California and may be

2  served with process by serving its registered agent CT Corporation System, 818

3  West Seventh Street, Los Angeles, California 90017.

4       20.   Upon information and belief, Defendant Microstrategy is a Delaware

5  corporation having a principal place of business at 1861 International Drive,

6  McLean, Virginia 22102. Defendant Microstrategy is authorized to do business in

7  California and may be served with process by serving its registered agent Mark

8  Mitchell Geyer, 23945 Calabasas Road, Calabasas, California 91302.

9       21.   Upon information and belief, Defendant Information Builders is a New

10  York corporation having a principal place of business at Two Penn Plaza, New

11  York, New York 10121-2898. Defendant Information Builders is authorized to do

12  business in California and may be served with process by serving its registered

13  agent United Corporate Services, Inc., 740 University Avenue, Suite 100,

14  Sacramento, California 95825.

15       22.   Upon information and belief, Defendant Aspen is a Delaware

16  corporation having a principal place of business at 200 Wheeler Road, Burlington,

17  Massachusetts 01803. Defendant Aspen is authorized to do business in California

18  and may be served with process by serving its registered agent CT Corporation

19  System, 818 West Seventh Street, Los Angeles, California 90017.

20                        **FIRST CLAIM FOR RELIEF**

21              **(Against Defendants For Direct, Contributory**

22      **And Inducing Infringement Of The '400 Patent And/Or '590 Patent)**

23       23.   Plaintiff incorporates herein by reference the allegations set forth in

24  paragraphs 1-22 of the Complaint as though fully set forth herein.

25       24.   On information and belief, Defendant Symantec has directly infringed

26  and continues to directly infringe the '400 patent, including infringement under 35

27  U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing

28  into the United States devices that embody or otherwise practice one or more of the

1   claims of the '400 patent.

2      25.   On information and belief, Defendant Symantec has indirectly

3 infringed and continues to indirectly infringe the '400 patent by actively inducing

4 direct infringement by other persons who operate and/or use devices that embody or

5 otherwise practice one or more of the claims of the '400 patent when Defendant

6 Symantec had knowledge of the '400 patent and knew or should have known that its

7 actions would induce direct infringement by others and intended that their actions

8 would induce direct infringement by others.

9      26.   On information and belief, Defendant Symantec has indirectly

10 infringed and continues to indirectly infringe the '400 patent by contributory

11 infringement by providing non-staple articles of commerce to others for use in an

12 infringing system with knowledge of the '400 patent and knowledge that these non-

13 staple articles of commerce are used as a material part of the claimed invention of

14 the '400 patent.

15      27.   On information and belief, Defendant Symantec has directly infringed

16 and continues to directly infringe the '590 patent, including infringement under 35

17 U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing

18 into the United States devices that embody or otherwise practice one or more of the

19 claims of the '590 patent.

20      28.   On information and belief, Defendant Symantec has indirectly

21 infringed and continues to indirectly infringe the '590 patent by actively inducing

22 direct infringement by other persons who operate and/or use devices that embody or

23 otherwise practice one or more of the claims of the '590 patent when Defendant

24 Symantec had knowledge of the '590 patent and knew or should have known that its

25 actions would induce direct infringement by others and intended that their actions

26 would induce direct infringement by others.

27      29.   On information and belief, Defendant Symantec has indirectly

28 infringed and continues to indirectly infringe the '590 patent by contributory

infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge of the '590 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '590 patent.

30.    On information and belief, Defendant Symantec's foregoing acts of infringement include infringement by making, using, selling, or offering for sale in or importing into the United States at least the following products: Symantec Command Central Service (all versions and components); Symantec i3 (all versions and components), including but not limited to i3 for Databases, i3 for ERP and CRM, and i3 for Web Applications; Symantec Command Central Storage (all versions and components); Symantec Net Backup (all versions and components), including but not limited to Net Backup PureDisk, and Net Backup Enterprise Server; and Symantec Back-up Reporter (all versions and components), each when used as intended with an appropriate database.

31.    On information and belief, Defendant Symantec will continue to infringe the '400 and '590 patents unless enjoined by this Court.

32.    On information and belief, Defendant Symantec's infringement of the '400 and '590 patents is, has been, and continues to be willful and deliberate.

33.    As a direct and proximate result of Defendant Symantec's infringement of the '400 and '590 patents, DSC has and continues to be damaged in an amount yet to be determined.

34.    Unless a preliminary and/or permanent injunction are issued enjoining Defendant Symantec and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant Symantec, from infringing the '400 and '590 patents, DSC will be greatly and irreparably harmed.

35.    On information and belief, Defendant F-Secure has directly infringed and continues to directly infringe the '400 patent, including infringement under 35 U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing

1 into the United States devices that embody or otherwise practice one or more of the

2 claims of the '590 patent.

3   36.   On information and belief, Defendant F-Secure has indirectly infringed

4 and continues to indirectly infringe the '400 patent by actively inducing direct

5 infringement by other persons who operate and/or use devices that embody or

6 otherwise practice one or more of the claims of the '400 patent when Defendant F-

7 Secure had knowledge of the '400 patent and knew or should have known that its

8 actions would induce direct infringement by others and intended that their actions

9 would induce direct infringement by others.

10   37.   On information and belief, Defendant F-Secure has indirectly infringed

11 and continues to indirectly infringe the '400 patent by contributory infringement by

12 providing non-staple articles of commerce to others for use in an infringing system

13 with knowledge of the '400 patent and knowledge that these non-staple articles of

14 commerce are used as a material part of the claimed invention of the '400 patent.

15   38.   On information and belief, Defendant F-Secure has directly infringed

16 and continues to directly infringe the '590 patent, including infringement under 35

17 U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing

18 into the United States devices that embody or otherwise practice one or more of the

19 claims of the '590 patent.

20   39.   On information and belief, Defendant F-Secure has indirectly infringed

21 and continues to indirectly infringe the '590 patent by actively inducing direct

22 infringement by other persons who operate and/or use devices that embody or

23 otherwise practice one or more of the claims of the '590 patent when Defendant F-

24 Secure had knowledge of the '590 patent and knew or should have known that its

25 actions would induce direct infringement by others and intended that their actions

26 would induce direct infringement by others.

27   40.   On information and belief, Defendant F-Secure has indirectly infringed

28 and continues to indirectly infringe the '590 patent by contributory infringement by

1  providing non-staple articles of commerce to others for use in an infringing system

2  with knowledge of the '590 patent and knowledge that these non-staple articles of

3  commerce are used as a material part of the claimed invention of the '590 patent.

4      41.    On information and belief, Defendant F-Secure's foregoing acts of

5  infringement include infringement by making, using, selling, or offering for sale in

6  or importing into the United States at least the following products: F-Secure Policy

7  Manager (all versions and components), including but not limited to F-Secure Policy

8  Manager 7.x, F-Secure Policy Manager Console, F-Secure Policy Manager Server,

9  F-Secure Policy Manager Web Reporting, F-Secure Policy Manager for Linux 7.x,

10  Red Hat Enterprise Linux 3, Red Hat Enterprise Linux 4, SuSE Linux 9, SuSe Linux

11  10, SuSe Linux Enterprise Server 9, and Debian GNU Linux Sarge 3.1, each when

12  used as intended with an appropriate database.

13      42.    On information and belief, Defendant F-Secure will continue to

14  infringe the '400 and '590 patents unless enjoined by this Court.

15      43.    On information and belief, Defendant F-Secure's infringement of the

16  '400 and '590 patents is, has been, and continues to be willful and deliberate.

17      44.    As a direct and proximate result of Defendant F-Secure's infringement

18  of the '400 and '590 patents, DSC has and continues to be damaged in an amount

19  yet to be determined.

20      45.    Unless a preliminary and/or permanent injunction are issued enjoining

21  Defendant F-Secure and its officers, agents, servants and employees, and all others

22  acting on their behalf or in concert with Defendant F-Secure, from infringing the

23  '400 and '590 patents, DSC will be greatly and irreparably harmed.

24      46.    On information and belief, Defendant NetIQ has directly infringed and

25  continues to directly infringe the '400 patent, including infringement under 35

26  U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing

27  into the United States devices that embody or otherwise practice one or more of the

28  claims of the '400 patent.

47.     On information and belief, Defendant NetIQ has indirectly infringed and continues to indirectly infringe the '400 patent by actively inducing direct infringement by other persons who operate and/or use devices that embody or otherwise practice one or more of the claims of the '400 patent when Defendant NetIQ had knowledge of the '400 patent and knew or should have known that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

48.     On information and belief, Defendant NetIQ has indirectly infringed and continues to indirectly infringe the '400 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge of the '400 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '400 patent.

49.     On information and belief, Defendant NetIQ has directly infringed and continues to directly infringe the '590 patent, including infringement under 35 U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing into the United States devices that embody or otherwise practice one or more of the claims of the '590 patent.

50.     On information and belief, Defendant NetIQ has indirectly infringed and continues to indirectly infringe the '590 patent by actively inducing direct infringement by other persons who operate and/or use devices that embody or otherwise practice one or more of the claims of the '590 patent when Defendant NetIQ had knowledge of the '590 patent and knew or should have known that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

51.     On information and belief, Defendant NetIQ has indirectly infringed and continues to indirectly infringe the '590 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge of the '590 patent and knowledge that these non-staple articles of

1  commerce are used as a material part of the claimed invention of the '590 patent.

2      52.    On information and belief, Defendant NetIQ's foregoing acts of

3  infringement include infringement by making, using, selling, or offering for sale in

4  or importing into the United States at least the following products: NetIQ

5  AppManager Suite (all versions and components); NetIQ PS Detect (all versions

6  and components); NetIQ Risk and Compliance Center (all versions and

7  components); NetIQ Security Manager (all versions and components); NetIQ Group

8  Policy Guardian (all versions and components); and NetIQ Secure Configuration

9  Manager (all versions and components), each when used as intended with an

10  appropriate database.

11      53.    On information and belief, Defendant NetIQ will continue to infringe

12  the '400 and '590 patents unless enjoined by this Court.

13      54.    On information and belief, Defendant NetIQ's infringement of the '400

14  and '590 patents is, has been, and continues to be willful and deliberate.

15      55.    As a direct and proximate result of Defendant NetIQ's infringement of

16  the '400 and '590 patents, DSC has and continues to be damaged in an amount yet

17  to be determined.

18      56.    Unless a preliminary and/or permanent injunction are issued enjoining

19  Defendant NetIQ and its officers, agents, servants and employees, and all others

20  acting on their behalf or in concert with Defendant NetIQ, from infringing the '400

21  and '590 patents, DSC will be greatly and irreparably harmed.

22      57.    On information and belief, Defendant Quest has directly infringed and

23  continues to directly infringe the '400 patent, including infringement under 35

24  U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing

25  into the United States devices that embody or otherwise practice one or more of the

26  claims of the '400 patent.

27      58.    On information and belief, Defendant Quest has indirectly infringed

28  and continues to indirectly infringe the '400 patent by actively inducing direct

1  infringement by other persons who operate and/or use devices that embody or
2  otherwise practice one or more of the claims of the '400 patent when Defendant
3  Quest had knowledge of the '400 patent and knew or should have known that its
4  actions would induce direct infringement by others and intended that their actions
5  would induce direct infringement by others.

6        59.    On information and belief, Defendant Quest has indirectly infringed
7  and continues to indirectly infringe the '400 patent by contributory infringement by
8  providing non-staple articles of commerce to others for use in an infringing system
9  with knowledge of the '400 patent and knowledge that these non-staple articles of
10 commerce are used as a material part of the claimed invention of the '400 patent.

11       60.    On information and belief, Defendant Quest has directly infringed and
12 continues to directly infringe the '590 patent, including infringement under 35
13 U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing
14 into the United States devices that embody or otherwise practice one or more of the
15 claims of the '590 patent.

16       61.    On information and belief, Defendant Quest has indirectly infringed
17 and continues to indirectly infringe the '590 patent by actively inducing direct
18 infringement by other persons who operate and/or use devices that embody or
19 otherwise practice one or more of the claims of the '590 patent when Defendant
20 Quest had knowledge of the '590 patent and knew or should have known that its
21 actions would induce direct infringement by others and intended that their actions
22 would induce direct infringement by others.

23       62.    On information and belief, Defendant Quest has indirectly infringed
24 and continues to indirectly infringe the '590 patent by contributory infringement by
25 providing non-staple articles of commerce to others for use in an infringing system
26 with knowledge of the '590 patent and knowledge that these non-staple articles of
27 commerce are used as a material part of the claimed invention of the '590 patent.

28       63.    On information and belief, Defendant Quest's foregoing acts of

1    infringement include infringement by making, using, selling, or offering for sale in

2    or importing into the United States at least the following products: Quest Central (all

3    versions and components), which includes but is not limited to Quest Central for

4    DB2, Quest Central for Oracle, Quest Central for SQL Server, Quest Central for

5    Sybase, Quest Central for Microsoft, and Quest Central for Database; Quest

6    Foglight (all versions and components), which includes but is not limited to Foglight

7    for NET, Foglight Cartridge BEA WebLogic Svr, Foglight Cartridge for Oracle E-

8    Bus, Foglight Cartridge SAP NetWeaver, Foglight Cartridge Exchange, Foglight

9    Cartridge for JBoss, Foglight Cartridge for Oracle, Foglight Cartridge for RTM,

10   Foglight Cartridge for SQL Svr, Foglight Cartridge for Tomcat, Foglight Cartridge

11   for UEM, Foglight Cartridge MySAP.com, Foglight Cartridge Oracle AS, Foglight

12   Cartridge PeopleSoft, Foglight Cartridge Siebel eBus, Foglight Cartridge

13   WebSphere, Foglight DB Cartridge for DB2, Foglight DB Cartridge Sybase,

14   Foglight Experience Monitor, Foglight Experience Viewer, Foglight for .NET Integ

15   Cartridge, Foglight for SQL Transaction, Foglight Network Device Mgmt., and

16   Foglight Transaction Recorder; Quest Spotlight (all versions and components),

17   which includes but is not limited to Spotlight for BEA WebLogic Server, Spotlight

18   on Active Directory, Spotlight on DB2 LUW, Spotlight on DB2 z/OS, Spotlight on

19   Exchange, Spotlight on MySQL, Spotlight on Oracle, Spotlight on Oracle E-

20   Business Suite, Spotlight on Oracle RAC, Spotlight on SQL Server, Spotlight on

21   SQL Server Enterprise, Spotlight on Sybase ASE, Spotlight on Unix/Linux,

22   Spotlight on Shareplex, Spotlight on Siebel Resp Time, Spotlight on Web Servers,

23   and Spotlight on Websphere; and ScriptLogic Desktop Authority (all versions and

24   components), each when used as intended with an appropriate database.

25       64.   On information and belief, Defendant Quest will continue to infringe

26   the '400 and '590 patents unless enjoined by this Court.

27       65.   On information and belief, Defendant Quest's infringement of the '400

28   and '590 patents is, has been, and continues to be willful and deliberate.

66.    As a direct and proximate result of Defendant Quest's infringement of the '400 and '590 patents, DSC has and continues to be damaged in an amount yet to be determined.

67.    Unless a preliminary and/or permanent injunction are issued enjoining Defendant Quest and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant Quest, from infringing the '400 and '590 patents, DSC will be greatly and irreparably harmed.

68.    On information and belief, Defendant NetScout has directly infringed and continues to directly infringe the '400 patent, including infringement under 35 U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing into the United States devices that embody or otherwise practice one or more of the claims of the '400 patent.

69.    On information and belief, Defendant NetScout has indirectly infringed and continues to indirectly infringe the '400 patent by actively inducing direct infringement by other persons who operate and/or use devices that embody or otherwise practice one or more of the claims of the '400 patent when Defendant NetScout had knowledge of the '400 patent and knew or should have known that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

70.    On information and belief, Defendant NetScout has indirectly infringed and continues to indirectly infringe the '400 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge of the '400 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '400 patent.

71.    On information and belief, Defendant NetScout has directly infringed and continues to directly infringe the '590 patent, including infringement under 35 U.S.C. §271(a) and (f), by making, using, selling, or offering for sale in or importing into the United States devices that embody or otherwise practice one or more of the

1  claims of the '590 patent.

2    72.    On information and belief, Defendant NetScout has indirectly infringed
3  and continues to indirectly infringe the '590 patent by actively inducing direct
4  infringement by other persons who operate and/or use devices that embody or
5  otherwise practice one or more of the claims of the '590 patent when Defendant
6  NetScout had knowledge of the '590 patent and knew or should have known that its
7  actions would induce direct infringement by others and intended that their actions
8  would induce direct infringement by others.

9    73.    On information and belief, Defendant NetScout has indirectly infringed
10  and continues to indirectly infringe the '590 patent by contributory infringement by
11  providing non-staple articles of commerce to others for use in an infringing system
12  with knowledge of the '590 patent and knowledge that these non-staple articles of
13  commerce are used as a material part of the claimed invention of the '590 patent.

14    74.    On information and belief, Defendant NetScout's foregoing acts of
15  infringement include infringement by making, using, selling, or offering for sale in
16  or importing into the United States at least the following products: NetScout
17  nGenius Analytics (all versions and components); and NetScout nGenius
18  Performance Manager (all versions and components), including but not limited to
19  nGenius Performance Manager for NetFlow, when used as intended with an
20  appropriate database.

21    75.    On information and belief, Defendant NetScout will continue to
22  infringe the '400 and '590 patents unless enjoined by this Court.

23    76.    On information and belief, Defendant NetScout's infringement of the
24  '400 and '590 patents is, has been, and continues to be willful and deliberate.

25    77.    As a direct and proximate result of Defendant NetScout's infringement
26  of the '400 and '590 patents, DSC has and continues to be damaged in an amount
27  yet to be determined.

28    78.    Unless a preliminary and/or permanent injunction are issued enjoining

1  Defendant NetScout and its officers, agents, servants and employees, and all others

2  acting on their behalf or in concert with Defendant NetScout, from infringing the

3  '400 and '590 patents, DSC will be greatly and irreparably harmed.

4      79.    On information and belief, Defendant Oracle has directly infringed and

5  continues to directly infringe the '400 patent, including infringement under 35

6  U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing

7  into the United States products that embody or otherwise practice one or more of the

8  claims of the '400 patent.

9      80.    On information and belief, Defendant Oracle has indirectly infringed

10 and continues to indirectly infringe the '400 patent by actively inducing direct

11 infringement by other persons who operate and/or use products that embody or

12 otherwise practice one or more of the claims of the '400 patent when Defendant

13 Oracle had knowledge of the '400 patent and knew or should have known that its

14 actions would induce infringement by others and intended that their actions would

15 induce infringement by others.

16     81.    On information and belief, Defendant Oracle has indirectly infringed

17 and continues to indirectly infringe the '400 patent by contributory infringement by

18 providing non-staple articles of commerce to others for use in an infringing system

19 with knowledge that these non-staple articles of commerce are used as a material

20 part of the claimed invention of the '400 patent.

21     82.    On information and belief, Defendant Oracle's foregoing acts of

22 infringement of the '400 patent include infringement by making, using, selling, or

23 offering for sale in or importing into the United States at least the following

24 products: Oracle Fusion Middleware (including any incorporated Siebel products),

25 including Business Intelligence Suite and Business Intelligence Applications, each

26 when used as intended with an appropriate database.

27     83.    On information and belief, Defendant Oracle has directly infringed and

28 continues to directly infringe the '590 patent, including infringement under 35

1  U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing

2  into the United States products that embody or otherwise practice one or more of the

3  claims of the '590 patent.

4      84.    On information and belief, Defendant Oracle has indirectly infringed

5  and continues to indirectly infringe the '590 patent by actively inducing direct

6  infringement by other persons who operate and/or use products that embody or

7  otherwise practice one or more of the claims of the '590 patent when Defendant

8  Oracle had knowledge of the '590 patent and knew or should have known that its

9  actions would induce infringement by others and intended that their actions would

10  induce infringement by others.

11      85.    On information and belief, Defendant Oracle has indirectly infringed

12  and continues to indirectly infringe the '590 patent by contributory infringement by

13  providing non-staple articles of commerce to others for use in an infringing system

14  with knowledge that these non-staple articles of commerce are used as a material

15  part of the claimed invention of the '590 patent.

16      86.    On information and belief, Defendant Oracle's foregoing acts of

17  infringement of the '590 patent include infringement by making, using, selling, or

18  offering for sale in or importing into the United States at least the following

19  products: Oracle Fusion Middleware (including any incorporated Siebel products),

20  including Business Intelligence Suite and Business Intelligence Applications;

21  products that follow the Oracle PeopleSoft Enterprise Architecture, including

22  PeopleSoft CRM; products that follow the Oracle Hyperion Business Performance

23  Management Architecture, including Hyperion System 9 BI+; Oracle Enterprise

24  Manager 10g; Oracle Daily Business Intelligence when operating with Oracle

25  Balanced Scorecard (with or without Oracle Balanced Scorecard Architect), which

26  are all part of the Oracle E-Business suite; each when used as intended with an

27  appropriate database.

28      87.    On information and belief, Defendant Oracle will continue to infringe

1    the '400 and '590 patents unless enjoined by this Court.

2        88.    On information and belief, Defendant Oracle's infringement of the '400

3    and '590 patents is, has been, and continues to be willful and deliberate.

4        89.    As a direct and proximate result of Defendant Oracle's infringement of

5    the '400 and '590 patents, DSC has and continues to be damaged in an amount yet

6    to be determined.

7        90.    Unless a preliminary and/or permanent injunction are issued enjoining

8    Defendant Oracle and its officers, agents, servants and employees, and all others

9    acting on their behalf or in concert with Defendant Oracle, from infringing the '400

10   and '590 patents, DSC will be greatly and irreparably harmed.

11       91.    On information and belief, Defendant SAS has directly infringed and

12   continues to directly infringe the '590 patent, including infringement under 35

13   U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing

14   into the United States products that embody or otherwise practice one or more of the

15   claims of the '590 patent.

16       92.    On information and belief, Defendant SAS has indirectly infringed and

17   continues to indirectly infringe the '590 patent by actively inducing direct

18   infringement by other persons who operate and/or use products that embody or

19   otherwise practice one or more of the claims of the '590 patent when Defendant SAS

20   had knowledge of the '590 patent and knew or should have known that its actions

21   would induce infringement by others and intended that their actions would induce

22   infringement by others.

23       93.    On information and belief, Defendant SAS has indirectly infringed and

24   continues to indirectly infringe the '590 patent by contributory infringement by

25   providing non-staple articles of commerce to others for use in an infringing system

26   with knowledge that these non-staple articles of commerce are used as a material

27   part of the claimed invention of the '590 patent.

28       94.    On information and belief, Defendant SAS's foregoing acts of

1  infringement include infringement by making, using, selling, or offering for sale in

2  or importing into the United States at least the following products: SAS Enterprise

3  Intelligence platform, including SAS Business Intelligence, when used as intended

4  with an appropriate database.

5       95.   On information and belief, Defendant SAS will continue to infringe the

6  '590 patent unless enjoined by this Court.

7       96.   On information and belief, Defendant SAS's infringement of the '590

8  patent is, has been, and continues to be willful and deliberate.

9       97.   As a direct and proximate result of Defendant SAS's infringement of

10  the '590 patent, DSC has and continues to be damaged in an amount yet to be

11  determined.

12       98.   Unless a preliminary and/or permanent injunction are issued enjoining

13  Defendant SAS and its officers, agents, servants and employees, and all others

14  acting on their behalf or in concert with Defendant SAS, from infringing the '590

15  patent, DSC will be greatly and irreparably harmed.

16       99.   On information and belief, Defendant Business Objects has directly

17  infringed and continues to directly infringe the '590 patent, including infringement

18  under 35 U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or

19  importing into the United States products that embody or otherwise practice one or

20  more of the claims of the '590 patent.

21      100.  On information and belief, Defendant Business Objects has indirectly

22  infringed and continues to indirectly infringe the '590 patent by actively inducing

23  direct infringement by other persons who operate and/or use products that embody

24  or otherwise practice one or more of the claims of the '590 patent when Defendant

25  Business Objects had knowledge of the '590 patent and knew or should have known

26  that its actions would induce infringement by others and intended that their actions

27  would induce infringement by others.

28      101.  On information and belief, Defendant Business Objects has indirectly

1  infringed and continues to indirectly infringe the '590 patent by contributory

2  infringement by providing non-staple articles of commerce to others for use in an

3  infringing system with knowledge that these non-staple articles of commerce are

4  used as a material part of the claimed invention of the '590 patent.

5       102.   On information and belief, Defendant Business Objects' foregoing acts

6  of infringement include infringement by making, using, selling, or offering for sale

7  in or importing into the United States at least the following products: Business

8  Objects XI, including Performance Management; Crystal Reports XI; and Business

9  Objects Dashboard Manager XI as integrated with either the Business Objects XI

10  products (including Business Objects Performance Manager XI) or the Crystal

11  Reports XI products, each when used as intended with an appropriate database.

12       103.   On information and belief, Defendant Business Objects will continue to

13  infringe the '590 patent unless enjoined by this Court.

14       104.   On information and belief, Defendant Business Objects' infringement

15  of the '590 patent is, has been, and continues to be willful and deliberate.

16       105.   As a direct and proximate result of Defendant Business Objects'

17  infringement of the '590 patent, DSC has and continues to be damaged in an amount

18  yet to be determined.

19       106.   Unless a preliminary and/or permanent injunction are issued enjoining

20  Defendant Business Objects and its officers, agents, servants and employees, and all

21  others acting on their behalf or in concert with Defendant Business Objects, from

22  infringing the '590 patent, DSC will be greatly and irreparably harmed.

23       107.   On information and belief, Defendant BMC has directly infringed and

24  continues to directly infringe the '590 patent, including infringement under 35

25  U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing

26  into the United States products that embody or otherwise practice one or more of the

27  claims of the '590 patent.

28       108.   On information and belief, Defendant BMC has indirectly infringed

1    and continues to indirectly infringe the '590 patent by actively inducing direct

2    infringement by other persons who operate and/or use products that embody or

3    otherwise practice one or more of the claims of the '590 patent when Defendant

4    BMC had knowledge of the '590 patent and knew or should have known that its

5    actions would induce infringement by others and intended that their actions would

6    induce infringement by others.

7        109.   On information and belief, Defendant BMC has indirectly infringed

8    and continues to indirectly infringe the '590 patent by contributory infringement by

9    providing non-staple articles of commerce to others for use in an infringing system

10   with knowledge that these non-staple articles of commerce are used as a material

11   part of the claimed invention of the '590 patent.

12       110.   On information and belief, Defendant BMC's foregoing acts of

13   infringement include infringement by making, using, selling, or offering for sale in

14   or importing into the United States at least the following products: BMC

15   Performance Manager, including BMC Performance Assurance, when used as

16   intended with an appropriate database.

17       111.   On information and belief, Defendant BMC will continue to infringe

18   the '590 patent unless enjoined by this Court.

19       112.   On information and belief, Defendant BMC's infringement of the '590

20   patent is, has been, and continues to be willful and deliberate.

21       113.   As a direct and proximate result of Defendant BMC's infringement of

22   the '590 patent, DSC has and continues to be damaged in an amount yet to be

23   determined.

24       114.   Unless a preliminary and/or permanent injunction are issued enjoining

25   Defendant BMC and its officers, agents, servants and employees, and all others

26   acting on their behalf or in concert with Defendant BMC, from infringing the '590

27   patent, DSC will be greatly and irreparably harmed.

28       115.   On information and belief, Defendant Cognos has directly infringed

1    and continues to directly infringe the '590 patent, including infringement under 35

2    U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing

3    into the United States products that embody or otherwise practice one or more of the

4    claims of the '590 patent.

5        116.    On information and belief, Defendant Cognos has indirectly infringed

6    and continues to indirectly infringe the '590 patent by actively inducing direct

7    infringement by other persons who operate and/or use products that embody or

8    otherwise practice one or more of the claims of the '590 patent when Defendant

9    Cognos had knowledge of the '590 patent and knew or should have known that its

10   actions would induce infringement by others and intended that their actions would

11   induce infringement by others.

12       117.    On information and belief, Defendant Cognos has indirectly infringed

13   and continues to indirectly infringe the '590 patent by contributory infringement by

14   providing non-staple articles of commerce to others for use in an infringing system

15   with knowledge that these non-staple articles of commerce are used as a material

16   part of the claimed invention of the '590 patent.

17       118.    On information and belief, Defendant Cognos' foregoing acts of

18   infringement include infringement by making, using, selling, or offering for sale in

19   or importing into the United States at least the following products: Cognos 8

20   Business Intelligence; and Cognos Now!, including at least the Small/Medium

21   Business Edition, Standard Edition, and Enterprise Edition, each when used as

22   intended with an appropriate database.

23       119.    On information and belief, Defendant Cognos will continue to infringe

24   the '590 patent unless enjoined by this Court.

25       120.    On information and belief, Defendant Cognos' infringement of the '590

26   patent is, has been, and continues to be willful and deliberate.

27       121.    As a direct and proximate result of Defendant Cognos' infringement of

28   the '590 patent, DSC has and continues to be damaged in an amount yet to be

1  determined.

2      122.   Unless a preliminary and/or permanent injunction are issued enjoining

3  Defendant Cognos and its officers, agents, servants and employees, and all others

4  acting on their behalf or in concert with Defendant Cognos, from infringing the '590

5  patent, DSC will be greatly and irreparably harmed.

6      123.   On information and belief, Defendant SAP has directly infringed and

7  continues to directly infringe the '590 patent, including infringement under 35

8  U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing

9  into the United States products that embody or otherwise practice one or more of the

10  claims of the '590 patent.

11      124.   On information and belief, Defendant SAP has indirectly infringed and

12  continues to indirectly infringe the '590 patent by actively inducing direct

13  infringement by other persons who operate and/or use products that embody or

14  otherwise practice one or more of the claims of the '590 patent when Defendant SAP

15  had knowledge of the '590 patent and knew or should have known that its actions

16  would induce infringement by others and intended that their actions would induce

17  infringement by others.

18      125.   On information and belief, Defendant SAP has indirectly infringed and

19  continues to indirectly infringe the '590 patent by contributory infringement by

20  providing non-staple articles of commerce to others for use in an infringing system

21  with knowledge that these non-staple articles of commerce are used as a material

22  part of the claimed invention of the '590 patent.

23      126.   On information and belief, Defendant SAP's foregoing acts of

24  infringement include infringement by making, using, selling, or offering for sale in

25  or importing into the United States at least the following products: NetWeaver

26  Platform, including Application Server and Business Intelligence, as well as

27  Business Suite Applications powered by NetWeaver, when used as intended with an

28  appropriate database.

127.   On information and belief, Defendant SAP will continue to infringe the '590 patent unless enjoined by this Court.

128.   On information and belief, Defendant SAP's infringement of the '590 patent is, has been, and continues to be willful and deliberate.

129.   As a direct and proximate result of Defendant SAP's infringement of the '590 patent, DSC has and continues to be damaged in an amount yet to be determined.

130.   Unless a preliminary and/or permanent injunction are issued enjoining Defendant SAP and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant SAP, from infringing the '590 patent, DSC will be greatly and irreparably harmed.

131.   On information and belief, Defendant IBM has directly infringed and continues to directly infringe the '400 patent, including infringement under 35 U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing into the United States products that embody or otherwise practice one or more of the claims of the '400 patent.

132.   On information and belief, Defendant IBM has indirectly infringed and continues to indirectly infringe the '400 patent by actively inducing direct infringement by other persons who operate and/or use products that embody or otherwise practice one or more of the claims of the '400 patent when Defendant IBM had knowledge of the '400 patent and knew or should have known that its actions would induce infringement by others and intended that their actions would induce infringement by others.

133.   On information and belief, Defendant IBM has indirectly infringed and continues to indirectly infringe the '400 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '400 patent.

Shore Chan Bragalone LLP
attorneys at law

1    134.   On information and belief, Defendant IBM has directly infringed and
2    continues to directly infringe the '590 patent, including infringement under 35
3    U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing
4    into the United States products that embody or otherwise practice one or more of the
5    claims of the '590 patent.

6    135.   On information and belief, Defendant IBM has indirectly infringed and
7    continues to indirectly infringe the '590 patent by actively inducing direct
8    infringement by other persons who operate and/or use products that embody or
9    otherwise practice one or more of the claims of the '590 patent when Defendant
10   IBM had knowledge of the '590 patent and knew or should have known that its
11   actions would induce infringement by others and intended that their actions would
12   induce infringement by others.

13   136.   On information and belief, Defendant IBM has indirectly infringed and
14   continues to indirectly infringe the '590 patent by contributory infringement by
15   providing non-staple articles of commerce to others for use in an infringing system
16   with knowledge that these non-staple articles of commerce are used as a material
17   part of the claimed invention of the '590 patent.

18   137.   On information and belief, Defendant IBM's foregoing acts of
19   infringement include infringement by making, using, selling, or offering for sale in
20   or importing into the United States at least the following products:  Websphere
21   Business Monitor, when used as intended with an appropriate database.

22   138.   On information and belief, Defendant IBM will continue to infringe the
23   '400 and '590 patents unless enjoined by this Court.

24   139.   On information and belief, Defendant IBM's infringement of the '400
25   and '590 patents is, has been, and continues to be willful and deliberate.

26   140.   As a direct and proximate result of Defendant IBM's infringement of
27   the '400 and '590 patents, DSC has and continues to be damaged in an amount yet
28   to be determined.

141.  Unless a preliminary and/or permanent injunction are issued enjoining Defendant IBM and its officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendant IBM, from infringing the '400 and '590 patents, DSC will be greatly and irreparably harmed.

142.  On information and belief, Defendant Microstrategy has directly infringed and continues to directly infringe the '590 patent, including infringement under 35 U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing into the United States products that embody or otherwise practice one or more of the claims of the '590 patent.

143.  On information and belief, Defendant Microstrategy has indirectly infringed and continues to indirectly infringe the '590 patent by actively inducing direct infringement by other persons who operate and/or use products that embody or otherwise practice one or more of the claims of the '590 patent when Defendant Microstrategy had knowledge of the '590 patent and knew or should have known that its actions would induce infringement by others and intended that their actions would induce infringement by others.

144.  On information and belief, Defendant Microstrategy has indirectly infringed and continues to indirectly infringe the '590 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '590 patent.

145.  On information and belief, Defendant Microstrategy's foregoing acts of infringement include infringement by making, using, selling, or offering for sale in or importing into the United States at least the following products: Microstrategy 8 Business Intelligence Platform, when used as intended with an appropriate database.

146.  On information and belief, Defendant Microstrategy will continue to infringe the '590 patent unless enjoined by this Court.

147.  On information and belief, Defendant Microstrategy's infringement of

1    the '590 patent is, has been, and continues to be willful and deliberate.

2        148.  As a direct and proximate result of Defendant Microstrategy's

3    infringement of the '590 patent, DSC has and continues to be damaged in an amount

4    yet to be determined.

5        149.  Unless a preliminary and/or permanent injunction are issued enjoining

6    Defendant Microstrategy and its officers, agents, servants and employees, and all

7    others acting on their behalf or in concert with Defendant Microstrategy, from

8    infringing the '590 patents, DSC will be greatly and irreparably harmed.

9        150.  On information and belief, Defendant Information Builders has directly

10    infringed and continues to directly infringe the '590 patent, including infringement

11    under 35 U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or

12    importing into the United States products that embody or otherwise practice one or

13    more of the claims of the '590 patent.

14        151.  On information and belief, Defendant Information Builders has

15    indirectly infringed and continues to indirectly infringe the '590 patent by actively

16    inducing direct infringement by other persons who operate and/or use products that

17    embody or otherwise practice one or more of the claims of the '590 patent when

18    Defendant Information Builders had knowledge of the '590 patent and knew or

19    should have known that its actions would induce infringement by others and

20    intended that their actions would induce infringement by others.

21        152.  On information and belief, Defendant Information Builders has

22    indirectly infringed and continues to indirectly infringe the '590 patent by

23    contributory infringement by providing non-staple articles of commerce to others for

24    use in an infringing system with knowledge that these non-staple articles of

25    commerce are used as a material part of the claimed invention of the '590 patent.

26        153.  On information and belief, Defendant Information Builders' foregoing

27    acts of infringement include infringement by making, using, selling, or offering for

28    sale in or importing into the United States at least the following products:

1  WebFOCUS with ReportCaster, when used as intended with an appropriate

2  database.

3      154.  On information and belief, Defendant Information Builders will

4  continue to infringe the '590 patent unless enjoined by this Court.

5      155.  On information and belief, Defendant Information Builders'

6  infringement of the '590 patent is, has been, and continues to be willful and

7  deliberate.

8      156.  As a direct and proximate result of Defendant Information Builders'

9  infringement of the '590 patent, DSC has and continues to be damaged in an amount

10  yet to be determined.

11      157.  Unless a preliminary and/or permanent injunction are issued enjoining

12  Defendant Information Builders and its officers, agents, servants and employees,

13  and all others acting on their behalf or in concert with Defendant Information

14  Builders, from infringing the '590 patent, DSC will be greatly and irreparably

15  harmed.

16      158.  On information and belief, Defendant Aspen has directly infringed and

17  continues to directly infringe the '590 patent, including infringement under 35

18  U.S.C. §271(a) and (f), by making, using, selling or offering for sale in or importing

19  into the United States products that embody or otherwise practice one or more of the

20  claims of the '590 patent.

21      159.  On information and belief, Defendant Aspen has indirectly infringed

22  and continues to indirectly infringe the '590 patent by actively inducing direct

23  infringement by other persons who operate and/or use products that embody or

24  otherwise practice one or more of the claims of the '590 patent when Defendant

25  InFor had knowledge of the '590 patent and knew or should have known that its

26  actions would induce infringement by others and intended that their actions would

27  induce infringement by others.

28      160.  On information and belief, Defendant Aspen has indirectly infringed

1   and continues to indirectly infringe the '590 patent by contributory infringement by

2   providing non-staple articles of commerce to others for use in an infringing system

3   with knowledge that these non-staple articles of commerce are used as a material

4   part of the claimed invention of the '590 patent.

5       161.   On information and belief, Defendant Aspen's foregoing acts of

6   infringement include infringement by making, using, selling, or offering for sale in

7   or importing into the United States at least the following products: all solutions

8   based on Aspen Integration Infrastructure, including Aspen Event Management as

9   used with Utility Event Manager, when used as intended with an appropriate

10  database.

11      162.   On information and belief, Defendant Aspen will continue to infringe

12  the '590 patent unless enjoined by this Court.

13      163.   On information and belief, Defendant Aspen's infringement of the '590

14  patent is, has been, and continues to be willful and deliberate.

15      164.   As a direct and proximate result of Defendant Aspen's infringement of

16  the '590 patent, DSC has and continues to be damaged in an amount yet to be

17  determined.

18      165.   Unless a preliminary and/or permanent injunction are issued enjoining

19  Defendant Aspen and its officers, agents, servants and employees, and all others

20  acting on their behalf or in concert with Defendant Aspen, from infringing the '590

21  patent, DSC will be greatly and irreparably harmed.

22              **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff DSC prays for judgment against Defendants

24  Symantec, F-Secure, NetIQ, Quest, NetScout, Oracle, SAS, Business Objects, BMC,

25  Cognos, IBM, SAP, Microstrategy, Information Builders, and Aspen as follows:

26      (1)    For a judicial determination and declaration that Defendants Symantec,

27             F-Secure, NetIQ, Quest, NetScout, IBM, and Oracle have directly

28             infringed, and continue to directly infringe, United States Letters Patent

No. 5,701,400;

(2)    For a judicial determination and declaration that Defendants Symantec, F-Secure, NetIQ, Quest, NetScout, Oracle, SAS, Business Objects, BMC, Cognos, IBM, SAP, Microstrategy, Information Builders, and Aspen have directly infringed, and continue to directly infringe, United States Letters Patent No. 5,537,590;

(3)    For a judicial determination and declaration that Defendants Symantec, F-Secure, NetIQ, Quest, NetScout, IBM, and Oracle have induced, and continue to induce, the infringement of United States Letters Patent No. 5,701,400;

(4)    For a judicial determination and declaration that Defendants Symantec, F-Secure, NetIQ, Quest, NetScout, Oracle, SAS, Business Objects, BMC, Cognos, IBM, SAP, Microstrategy, Information Builders, and Aspen have induced, and continue to induce, the infringement of United States Letters Patent No. 5,537,590;

(5)    For a judicial determination and decree that Defendants Symantec's, F-Secure's, NetIQ's, Quest's, NetScout's, IBM's, and Oracle's infringement of United States Letters Patent No. 5,701,400 has been, and continues to be, willful and deliberate;

(6)    For a judicial determination and decree that Defendants Symantec's, F-Secure's, NetIQ's, Quest's, NetScout's, Oracle's, SAS', Business Objects', BMC's, Cognos', IBM's, SAP's, Microstrategy's, Information Builders', and Aspen's infringement of United States Letters Patent No. 5,537,590 has been, and continues to be, willful and deliberate;

(7)    For a judicial determination and decree that Defendants Symantec, F-Secure, NetIQ, Quest, NetScout, IBM, and Oracle, their respective subsidiaries, officers, agents, servants, employees, licensees, and all

1    other persons or entities acting or attempting to act in active concert or

2    participation with them or acting on their behalf, be preliminarily and

3    permanently enjoined from further infringement of the '400 patent;

4    (8)    For a judicial determination and decree that Defendants Symantec, F-

5           Secure, NetIQ, Quest, NetScout, Oracle, SAS, Business Objects, BMC,

6           Cognos, IBM, SAP, Microstrategy, Information Builders, and Aspen,

7           their respective subsidiaries, officers, agents, servants, employees,

8           licensees, and all other persons or entities acting or attempting to act in

9           active concert or participation with them or acting on their behalf, be

10          preliminarily and permanently enjoined from further infringement of

11          the '590 patent;

12   (9)    For a judicial decree that orders Defendants Symantec, F-Secure,

13          NetIQ, Quest, NetScout, Oracle, SAS, Business Objects, BMC,

14          Cognos, IBM, SAP, Microstrategy, Information Builders, and Aspen to

15          account for and pay to DSC all damages caused to DSC by reasons of

16          Defendants Symantec's, F-Secure's, NetIQ's, Quest's, NetScout's,

17          Oracle's, SAS', Business Objects', BMC's, Cognos', IBM's, SAP's,

18          Microstrategy's, Information Builders', and Aspen's infringement

19          pursuant to 35 U.S.C. section 284, including enhanced damages under

20          35 U.S.C. section 285;

21   (10)   For an award of damages according to proof at trial;

22   (11)   For a judicial declaration that this case is exceptional under 35 U.S.C.

23          section 285 and Defendants Symantec, F-Secure, NetIQ, Quest,

24          NetScout, Oracle, SAS, Business Objects, BMC, Cognos, IBM, SAP,

25          Microstrategy, Information Builders, and Aspen be ordered to pay

26          DSC's costs, expenses, and reasonable attorneys' fees pursuant to 35

27          U.S.C. sections 284 and 285;

28   (12)   For a judicial order awarding to DSC pre-judgment and post-judgment

interest on the damages caused by to it by Defendants Symantec's, F-Secure's, NetIQ's, Quest's, NetScout's, Oracle's, SAS', Business Objects', BMC's, Cognos', IBM's, SAP's, Microstrategy's, Information Builders', and Aspen's infringement; and

(13)  For any such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 8, 2007          RUTAN & TUCKER, LLP

By:  _Ako S. Williams_

Ako S. Williams

and

SHORE CHAN BRAGALONE, LLP
Jeffrey R. Bragalone
Michael W. Shore
Alfonso Garcia Chan
Jennifer M. Rynell

Attorneys for Plaintiff DIAGNOSTIC
SYSTEMS CORPORATION

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands trial by jury on all claims that are triable by jury.

3

4    Dated:  November 7, 2007              RUTAN & TUCKER, LLP

5

6                                          By:    _Ako S. Williams_

7                                              Ako S. Williams

8                                                 and

9    SHORE CHAN BRAGALONE, LLP
       Jeffrey R. Bragalone
10      Michael W. Shore
       Alfonso Garcia Chan
11      Jennifer M. Rynell

12    Attorneys for Plaintiff DIAGNOSTIC
      SYSTEMS CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**



US005701400A

# United States Patent [19]

## Amado

| | |
|---|---|
| [11] | Patent Number: **5,701,400** |
| [45] | Date of Patent: **Dec. 23, 1997** |

[54] **METHOD AND APPARATUS FOR APPLYING IF-THEN-ELSE RULES TO DATA SETS IN A RELATIONAL DATA BASE AND GENERATING FROM THE RESULTS OF APPLICATION OF SAID RULES A DATABASE OF DIAGNOSTICS LINKED TO SAID DATA SETS TO AID EXECUTIVE ANALYSIS OF FINANCIAL DATA**

[76] Inventor: **Carlos Armando Amado.** 444 Brickell Avenue #51-111, Miami, Fla. 33131-2400

[21] Appl. No.: **400,355**

[22] Filed: **Mar. 8, 1995**

[51] Int. Cl.$^6$ .................................. **G06F 15/18**
[52] U.S. Cl. .................... **395/76; 395/52; 395/54; 395/68**
[58] Field of Search ..................... 395/52, 54, 68, 395/76

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,658,370 | 4/1987 | Erman et al. | 364/513 |
| 4,754,409 | 6/1988 | Ashford et al. | 364/513 |
| 4,847,784 | 7/1989 | Clancey | 364/513 |
| 4,866,634 | 9/1989 | Reboh e tal. | 364/513 |
| 4,866,635 | 9/1989 | Kahn et al. | 364/513 |
| 4,884,218 | 11/1989 | Agnew et al. | 364/513 |
| 4,891,766 | 1/1990 | Derr et al. | 364/513 |
| 4,920,499 | 4/1990 | Skeirik | 364/513 |
| 4,928,236 | 5/1990 | Tanaka et al. | 364/513 |
| 4,930,071 | 5/1990 | Tou | 364/300 |
| 4,949,278 | 8/1990 | Davies et al. | 364/513 |
| 4,970,657 | 11/1990 | Wolf | 395/54 |
| 5,006,992 | 4/1991 | Skeirik | 364/513 |
| 5,025,392 | 6/1991 | Singh | 364/513 |
| 5,034,898 | 7/1991 | Lu et al. | 364/513 |
| 5,043,915 | 8/1991 | Suwa et al. | 384/513 |
| 5,103,498 | 4/1992 | Lanier et al. | 395/68 |
| 5,121,496 | 6/1992 | Harper | 395/600 |
| 5,131,087 | 7/1992 | Warr | 395/425 |
| 5,159,669 | 10/1992 | Trigg et al. | 395/159 |
| 5,164,912 | 11/1992 | Osborne et al. | 364/580 |
| 5,167,012 | 11/1992 | Hayes et al. | 395/76 |
| 5,179,632 | 1/1993 | Masui | 395/52 |
| 5,191,638 | 3/1993 | Wakami | 95/51 |
| 5,193,143 | 3/1993 | Kaemmer et al. | 393/51 |
| 5,228,116 | 7/1993 | Harris et al. | 395/54 |
| 5,257,185 | 10/1993 | Farley et al. | 364/419 |
| 5,284,947 | 2/1994 | Bernstein et al. | 395/157 |
| 5,481,647 | 1/1996 | Brody | 395/76 |

### OTHER PUBLICATIONS

Timeworks, "Swift Calc St User's Manual," 1982, pp. 93–97, 108–109.

Primary Examiner—Tariq R. Hafiz
Assistant Examiner—Jeffrey S. Smith
Attorney, Agent, or Firm—Ron Fish; Falk & Fish LLP

[57] **ABSTRACT**

A system for applying artificial intelligence technology to data stored in databases and generates diagnostics that are user definable interpretations of information in the database. The diagnostics are stored in a database which can be queried with downdrilling to the associated data which generated the diagnostic. A set of bidirectional links is maintained between selected data items in the first database and the corresponding diagnostics in the second database. The system acts as an information compiler in developing a map of the raw data dimension into the structured dimension of intelligent interpretation of the data in the diagnostic database.

**12 Claims, 59 Drawing Sheets**

EXHIBIT A PAGE 35

**U.S. Patent**        Dec. 23, 1997        Sheet 1 of 59        **5,701,400**



FIGURE 1



FIGURE 2

EXHIBIT ___A___, PAGE 34



**FIGURE 3**



**FIGURE 4**

EXHIBIT __*A*__, PAGE __**31**__



**FIGURE 5**



**FIGURE 6**



FIGURE 7



FIGURE 8

EXHIBIT _A_ PAGE_39_