1  Dan E. Chambers (SBN 156853)
   Ako S. Williams (SBN 212451)
2  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
3  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
4  dchambers@rutan.com
   awilliams@rutan.com
5
   Attorneys for Counterclaim-Defendants
6  ACACIA RESEARCH CORPORATION,
   ACACIA PATENT ACQUISITION
7  CORPORATION, AND
   ACACIA TECHNOLOGY SERVICES
8  CORPORATION

9          UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11 | DIAGNOSTIC SYSTEMS CORP.,          | CASE NO. SA CV 06-1211 DOC (ANx)
   |                                     | **LEAD CASE (CONSOLIDATED** with
12 |                  *Plaintiff,*        | Case No. SACVO7-960 AG (MLGx))
   |                                     |
13 |         vs.                         | **MEMORANDUM OF POINTS AND
   |                                     | AUTHORITIES IN SUPPORT OF
14 | SYMANTEC CORPORATION, *et al.,*      | COUNTERCLAIM-DEFENDANTS
   | *etc.*                              | ACACIA RESEARCH CORPORATION,
15 |                                     | ACACIA PATENT ACQUISITION
   |                                     | CORPORATION, AND ACACIA
16 |                  *Defendants.*       | TECHNOLOGY SERVICES
   |                                     | CORPORATION'S MOTION TO
17 |                                     | DISMISS AND/OR STRIKE DEFENDANT
   |                                     | F-SECURE'S COUNTERCLAIMS**

18                                        Date Action Filed;   December 14, 2006
19                                        Trial Date:          October 21, 2008
                                          Proposed Trial Date: March 31, 2009
20
                                          Hearing
21                                        Date:                February 19, 2008
                                          Time:                8:30 a.m.
22                                        Ctrm.:               9D

23                                        The Honorable David O. Carter

24

25

26

27

28

1  F-SECURE, INC.,

2          *Counterclaimant*,

3      vs.

4  DIAGNOSTIC SYSTEMS
   CORPORATION, ACACIA
5  RESEARCH CORPORATION,
   ACACIA PATENT ACQUISITION
6  CORPORATION, and ACACIA
   TECHNOLOGY SERVICES
7  CORPORATION,

8          *Counterclaim-Defendants.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>TABLE OF CONTENTS</u>**

I.     INTRODUCTION ................................................................................1

II.    STATEMENT OF FACTS.................................................................1

III.   ARGUMENTS ...................................................................................4

     A.    The Court Lacks Subject Matter Jurisdiction Over the
           Declaratory Judgment Claims Against ARC, APAC, and
           ATSC...........................................................................................4

          1.    There Can Be No "Case" or "Actual Controversy"
                  Between F-Secure and ARC, APAC and ATSC ......................4

          2.    F-Secure's "Alter Ego" Theory is Irrelevant
                  Because There Is No Subject Matter Jurisdiction .....................6

          3.    F-Secure's "Alter-Ego" Claims Against ARC,
                  APAC, and ATSC Do Not Arise Under Federal Law...............8

     B.    F-Secure's Counterclaims Should Be Dismissed Under
           Rule 12(b)(6) .............................................................................9

     C.    The Court Should Dismiss All Counterclaims Against
           ARC, APAC and ATSC As Untimely ................................10

     D.    Alternatively, The Court Should Dismiss The
           Counterclaims and Defenses Asserted Against ARC,
           APAC, and ATSC Based on Alleged Inequitable Conduct
           As Improperly Pled Under Rule 9(b).................................12

IV.   CONCLUSION ................................................................................12

# TABLE OF AUTHORITIES

## Cases

*Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir.1997) ........................................ 4

*Beam Laser Sys., Inc. v. Cox Commn's, Inc.*, 117 F. Supp. 2d 515 (E.D. Va. 2000) ..................................................................................................... 7

*Cardinal Chemical Co. v. Morton Intern, Inc.* 508 U.S. 83, 95 (1993) ................... 5

*DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1239 (N.D. Ill. 2005) ................................................................................................... 7

*Diermenjian v. Deutsche Bank, A.G.*, No. CV 06-774, 2007 WL 4395065 (C.D. Cal. Dec. 14, 2007) ................................................................ 10

*EMS-American Grilon Inc. v. DSM Resins U.S. Inc.*, Civ. A. No.89-2190, 1989 WL 230919 (D.N.J.) ........................................................................ 5

*Finch v. Barnhart*, 463 F. Supp. 2d 1002 (C.D. Cal. 2006) ..................................... 4

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. l990) ................................................................................................. 10

*Halet v. Wend Investment Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982) ................... 10

*Merial Ltd. v. Intervet Inc.*, 430 F. Supp. 2d 1357 (N.D. Ga. 2006) ...................... 7

*Millipore Corp. v. University Patents Inc.*, 682 F. Supp. 227 (D. Del. 1987) ....................................................................................................... 8

*North County Communications Corp. v. California Catalog Technology*, 2007 WL4200203 (S.D. Cal. Nov. 26, 2007) ........................ 8, 9

*Northern Telecom Inc. v Wang Laboratories, Inc.* 543 F. Supp. 1026, 1028 (D. Mass. 1982) ..................................................................................... 8

*Peacock v. Thomas*, 516 U.S. 349, 353-354 (1996) ............................................... 9

*Pharmachemie B.V. v. Pharmacia S.p.A,* 934 F. Supp. 484, 489 (D. Mass. 1996) .............................................................................................. 5, 8

*Prasco, LLC v. Medicis Pharmaceutical Corp. et al.,* 2007 WL 928669 (S.D. Ohio) ............................................................................................. 5, 8

*Schwarz Pharma, Inc. v. Paddock Labs., Inc.*, 504 F.3d 1371, 1374 (Fed. Cir. 2007) ................................................................................................... 7

*Site Microsurgical Sys., Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333, 338 (D. Del. 1992) ...................................................................................... 7

*Wang Labs. Inc. v. Mitsubishi Elecs. Am., Inc.*, 29 U.S.P.Q.2d 1481, 1486 (C.D. Cal. Mar. 24, 1993) ................................................................... 10

iv

1  **<u>Statutes</u>**

2  28 U.S.C. §1331 ................................................................................................3, 8, 9

3  28 U.S.C. §1338 .......................................................................................................3

4  28 U.S.C. §2201 ...............................................................................................3, 5, 9

5  28 U.S.C. §2202 .......................................................................................................3

6  35 U.S. C. §271 ........................................................................................................3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION.

Acacia Research Corporation ("ARC"), Acacia Patent Acquisition Corporation ("APAC"), and Acacia Technology Services Corporation ("ATSC") move to dismiss the counterclaims of F-Secure, Inc. ("F-Secure") for lack of case or actual controversy under the Declaratory Judgment Act and pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, as well as 12(b)(6) for failure to state a claim upon which relief can be granted. ARC, APAC, and ATSC also move to strike F-Secure's counterclaims against Acacia Research Corporation, Acacia Patent Acquisition Corporation, and Acacia Technology Services Corporation under Federal Rule of Civil Procedure 12(f) as untimely pursuant to the Court's July 23, 2007 Amended Scheduling Order.

## II.    STATEMENT OF FACTS.

ARC, APAC, and ATSC state the following facts that are supported by pleadings and orders in this case as well as the Declaration of Joseph P. Aiena ("Aiena Decl.").

1.    All right, title and interest to U.S. Patent Nos. 5,537,590 and 5,701,400 ("the '590 patent" and "the '400 patent") is held by Diagnostic Systems Corporation ("DSC") by virtue of an assignment dated September 6, 2006 from Acacia Patent Acquisition Corporation to DSC, recorded at the U.S. Patent and Trademark Office at Reel/Frame: 018313/ 0508, attached as **Exhibit A** to Aiena Decl.

2.    On December 14, 2006, DSC filed a lawsuit against F-Secure and six other defendants for infringement of the '590 and '400 patents (Case No. SACV06-1211- DOC (ANx)). On February 8, 2007, F-Secure filed its Answer to DSC's Complaint and Counterclaims Against DSC ("F-Secure's Answer and Counterclaims"). F-Secure did not file any counterclaims against ARC, APAC, and ATSC at that time. *See* Aiena Decl. at ¶3.

1

3.  On July 23, 2007, the Court issued the Amended Scheduling Order in Case No. SA CV06-1211-DOC(ANx). Under the heading "<u>JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS</u>" the Amended Scheduling Order states that:

> The deadline for joining parties and amending pleadings is ninety (90) days after the date of this Order. Any motions to join other parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of this Order so that they can be heard and decided prior to the deadline.

Amended Scheduling Order at 1 [Doc. No. 104].

4.  In defiance of the requirements of the Amended Scheduling Order, F-Secure has never filed a motion to join other parties or for leave to amend its pleadings. *See* Aiena Decl. at ¶4.

5.  On September 27, 2007, the Court ordered DSC to file suit against additional parties by November 29, 2007. *See* Doc. No. 162. The Court noted in its Civil Minute Order that "The Court will find that any additional filing of parties after November 29, 2007, are not in good faith." *Id.*

6.  The Court on October 29, 2007 modified the November 29, 2007 deadline and ordered DSC to file its consolidated amended complaint by November 8, 2007. *See* Civil Minutes dated October 23, 2007, setting Telephone Status Conference for October 29, 2007 [Doc. No. 169].

7.  On November 8, 2007, DSC filed Plaintiff's First Amended Consolidated Complaint in Case No. SACV07-960 AG (MLGx). DSC asserted no new claims from those contained in its original complaint against F-Secure. *See* Aiena Decl. at ¶5.

2

8.    As of December 14, 2006, and November 8, 2007, ARC, APAC, and ATSC had no right, title or interest in either the '590 or the '400 patent. All right, title and interest to '590 and '400 patents was held by DSC on September 6, 2006, and has remained with DSC.  *See* Aiena Decl. at ¶6.

9.    On November 30, 2007, F-Secure filed its Answer To Diagnostic Systems Corporation's Consolidated First Amended Complaint and Amended Counterclaims Against Diagnostic Systems Corporation ("Answer to First Amended Complaint and Amended Counterclaims"). F-Secure purports to assert for the first time Counterclaims against three new parties: ARC, APAC, and ATSC.

10.    In its Counterclaims, F-Secure alleges that jurisdiction for its counterclaim "arises under the patent laws of the United States, Title 35 United States Code.  The jurisdiction of this Court is proper under 35 U.S.C. §§271, *et seq.*, and 28 U.S.C. §§1331, 1338, 2201, and 2202."  *See* F-Secure's Answer to First Amended Complaint and Amended Counterclaims at 21.

11.    Further, under the "Parties" section to the Counterclaims, F-Secure identified Acacia Research Corporation ("ARC"), Acacia Patent Acquisition Corporation ("APAC"), and Acacia Technology Services Corporation (ATSC).  *See* F-Secure's Answer to First Amended Complaint and Amended Counterclaims at 22.

12.    Despite the fact that ARC, APAC, and ATSC have no interest in the patents-in-suit, F-Secure has filed four counterclaims against ARC, APAC, and ATSC, each of which is for a declaratory judgment based on alleged patent issues of non-infringement and invalidity.[1]

---

[1] The First Counterclaim is for a Declaratory Judgment of Non-Infringement; the Second Counterclaim is for a Declaratory Judgment of Invalidity; the Third

## III.   ARGUMENTS.

### A.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE DECLARATORY JUDGMENT CLAIMS AGAINST ARC, APAC, AND ATSC.

#### 1.   There Can Be No "Case" or "Actual Controversy" Between F-Secure and ARC, APAC, and ATSC.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "[a] federal court may dismiss a complaint for lack of subject matter jurisdiction."[2]  The party bringing the claims – in this case F-Secure – has the burden of proving jurisdiction under 12(b)(1).[3]  In this case, subject matter jurisdiction does not exist with respect to the declaratory judgment counterclaims brought by F-Secure against ARC, APAC, and ATSC because there is no "case" or "actual controversy" between F-Secure and ARC, APAC, and ATSC.   As such, the Court must dismiss F-Secure's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1).

All of F-Secure's counterclaims against ARC, APAC, and ATSC are based on the Declaratory Judgment Act which provides in pertinent part:

> [i]n *a case of actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

---

Counterclaim is for a Declaratory Judgment of Invalidity of the '590 Patent due to Inequitable Conduct/Fraud on the Patent Office; the Fourth Counterclaim is for a Declaratory Judgment of Invalidity of the '400 Patent due to Inequitable Conduct/ Fraud on the Patent Office.  *See* F-Secure's Answer to First Amended Complaint and Amended Counterclaims at 24-25.

[2] *See Finch v. Barnhart*, 463 F. Supp. 2d 1002, 1004 (C.D. Cal. 2006).

[3] *Id.* (*citing Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam); *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir.1997)).

4

28 U.S.C. §2201(a) (1994). (emphasis added).    A party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy.[4]    However, no "case" or "actual controversy" exists between ARC, APAC, or ATSC and F-Secure that would provide F-Secure the required subject matter jurisdiction under the Declaratory Judgment Act.    As acknowledged by F-Secure, each of its declaratory judgment counterclaims is based on patent law[5]; as such, each may only be asserted against the titleholder, the owner, or an entity having an interest in the patent.

    Courts have dismissed declaratory judgment counterclaims on facts similar to the case at hand.    For example, in *EMS-American Grilon Inc. v. DSM Resins U.S. Inc.*,[6] the court dismissed a declaratory judgment suit against an assignor who had – before the lawsuit was filed – transferred all right, title, and interest to the patent, together with the right to collect past, present, and future damages.    The Court stated that "when a party divests itself of all of its interest in a patent, as [the declaratory judgment defendant] has done here, that same party does not retain a sufficient stake in the outcome of an infringement controversy to require it to remain as a defendant to the action, and that ***no case or controversy can be said to exist between the parties***.[7]    Similarly, in *Pharmachemie B.V. v. Pharmacia S.p.A*, the Court stated that it "cannot disregard the fact that the assignment of title to the patents ***divests this Court of declaratory judgment jurisdiction regardless of the motive behind the assignment***."[8]    An interest in the patents must be held by the entity against whom

---

[4] *See Prasco, LLC v. Medicis Pharmaceutical Corp. et al.,* 2007 WL 928669 at *3 (S.D. Ohio), *Cardinal Chemical Co. v. Morton Intern, Inc.* 508 U.S. 83, 95 (1993), *citing Aetna Life Ins. Co. v. Haworth,*300 U.S. 227, 240-241 (1937).

[5] *See* F-Secure's Answer to First Amended Complaint and Amended Counterclaims at 21 ("This counterclaim arises under the patent laws of the United States, Title 35, United States Code.").

[6] Civ. Action No.89-2190, 1989 WL 230919 (D.N.J.).

[7] *See EMS-American Grilon, 1989 WL 230919 at *1* (emphasis added).

[8] 934 F. Supp. 484, 489 (D. Mass. 1996) (emphasis added).

the declaratory judgment is asserted for there to be an "actual controversy." Accordingly, there is no "case" or "actual controversy" where the assignor, APAC, transferred all right, title, and interest in the patents to DSC. Similarly, there can be no "case" or "actual controversy" where ARC and ATSC never even held any interest in the patents.

Furthermore, although it is not the burden of ARC, APAC, and ATSC to disprove any possible basis for subject matter jurisdiction, ARC, APAC, and ATSC have not retained any rights whatsoever in the patents after they were acquired by DSC upon which jurisdiction might be based. *See* Aiena Decl. at ¶2, Exhibit A. Therefore, the Court must dismiss all of F-Secure's counterclaims brought under the Declaratory Judgment Act against ARC, APAC, and ATSC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### 2.    F-Secure's "Alter Ego" Theory is Irrelevant Because There Is No Subject Matter Jurisdiction.

F-Secure's attempts to create an "alter ego" or "unity of interest" theory with respect to ARC, APAC, and ATSC and DSC in Paragraphs 9 through 11 of its Answer and Amended Counterclaims are fruitless. These manufactured and unsupported claims are nothing more than a desperate attempt to create a "case" or "controversy" where none exists.

For declaratory judgment suits, "a person is a proper party defendant ***if but only if*** that person had standing to sue the plaintiff for infringement."[9] F-Secure's "alter ego" and "unity of interest" theories fail for precisely that reason – ARC, ATSC, and APAC do not have standing to sue F-Secure for infringement of the patents-in-suit. It is well settled law that a patent infringement suit must be brought by the party or parties holding title to the patent.[10] Further, ownership of a patent by

---

[9] 8 Donald S. Chisum, *Chisum on Patents* §21.03[4] (1st Ed. 1978 & Supp. 2003) (emphasis added).

[10] "The presence of the owner of the patent as a party is indispensable, not only to

a subsidiary cannot, as F-Secure suggests, confer joint ownership rights to the subsidiaries' parents.[11] Similarly, "ownership of corporate stock does not create equitable title in that corporation's property."[12] Here, ARC, ATSC, and APAC would not have standing to bring a lawsuit for patent infringement against F-Secure as they do not have title or ownership of the patents, which rests solely with DSC. Any ownership interest by ARC, APAC, and ATSC in DSC is insufficient to confer standing by ARC, APAC, and ATSC to sue F-Secure for patent infringement. Therefore, F-Secure's "alter ego" theory cannot and does not give F-Secure legal rights that would be unavailable to ARC, APAC, and ATSC. Because no "case" or "controversy" exists, F-Secure's attempts to manufacture one for purposes of satisfying the jurisdiction requirements of the Declaratory Judgment Act are unavailing.

Even assuming, *arguendo*, that the prior acts of APAC were sufficient to create some type of right of action, as F-Secure alleges, those prior acts are wholly irrelevant for purposes of determining subject matter jurisdiction. When a plaintiff files an amended complaint, the date of that second filing becomes the controlling

---

give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action ..." *Schwarz Pharma, Inc. v. Paddock Labs., Inc.*, 504 F.3d 1371, 1374 (Fed. Cir. 2007) (quoting *Indep. Wireless Tel. Co. v. Radio Corp. of America*, 269 U.S. 459, 469 (1926)).

[11] *See Merial Ltd. v. Intervet Inc.*, 430 F. Supp. 2d 1357, 1362 (N.D. Ga. 2006). ("As an initial matter, standing under the Patent Act cannot be based on the mere fact that Merial SAS is a wholly-owned subsidiary of Merial"); *DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1239 (N.D. Ill. 2005) (dismissing case because the corporate parent of a patent owner lacked standing to sue for infringement); *Site Microsurgical Sys., Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333, 338 (D. Del. 1992) ("The Court is not convinced, and the plaintiff offers no authority, that a parent corporation effectively has the patent rights of owners, assignees, and licensees by virtue of its ownership of a subsidiary holding the patent").

[12] *See Beam Laser Sys., Inc. v. Cox Commn's, Inc.*, 117 F. Supp. 2d 515, 521 (E.D. Va. 2000).

date for determining subject matter jurisdiction.[13]  In the present situation, DSC filed its First Amended Consolidated Complaint on November 8, 2007.  Accordingly, November 8, 2007 is the controlling date for purposes of analyzing subject matter jurisdiction.  It is undisputed that ARC, ATSC, and APAC had no title to the patents-in-suit on this date.  Any acts of ARC, APAC, and ATSC alleged by F-Secure in Paragraphs 9 through 11 of their Counterclaims occurred significantly prior to the date of filing of DSC's First Amended Consolidated Complaint and cannot provide a basis for subject matter jurisdiction.

### 3. F-Secure's "Alter-Ego" Claims Against ARC, APAC, and ATSC Do Not Arise Under Federal Law.

Similarly, F-Secure's "alter-ego" theory does not arise "under the Constitution, laws or treaties of the United States." 28 U.S.C. §1331.  The allegations of the complaint control whether a suit "arises under" federal law for purposes of 28 U.S.C §1331.[14]  After construing the allegations in the light most favorable to the plaintiff, a complaint will be dismissed for lack of subject matter jurisdiction if: (1) the claim does not "arise under" federal law or the Constitution; (2) there is no case or controversy; or (3) the cause of action is not described in any jurisdictional statute."  Here, F-Secure's entire "alter ego" theory against ARC, APAC, and ATCS does not arise under federal law, much less the patent statutes.  Instead, the premise for F-Secure's entire "alter ego" theory is **state law** – based upon the Delaware incorporation of each of ARC, APAC, ATSC, and DSC and the location of offices in California.  As the "alter ego" theory is a state law-based

---

[13] *See Prasco, LLC v. Medicis Pharmaceutical Corp. et al.,* 2007 WL 928669 at *3 (S.D. Ohio), *Pharmachemie B.V. v. Pharmacia S.p.A.,*934 F. Supp 484, 489 (D. Mass. 1996)*, Millipore Corp. v. University Patents Inc.,* 682 F. Supp. 227, 233 (D. Del. 1987); *see also Northern Telecom Inc. v Wang Laboratories, Inc.* 543 F. Supp. 1026, 1028 (D. Mass. 1982).

[14] *See North County Communications Corp. v. California Catalog Technology.,*2007 WL4200203 at *3 (S.D. Cal. Nov. 26, 2007).

theory, it cannot be used by F-Secure to establish federal subject matter jurisdiction. Additionally, the Declaratory Judgment Act under 28 U.S.C. section 2201(a) cannot provide an independent basis to confer federal subject matter jurisdiction for cases that do not otherwise "arise under" federal law.  Accordingly, a party invoking federal jurisdiction must plead some other affirmative claim arising under federal law as an independent basis to vest jurisdiction in the district court to adjudicate the matter.[15]  F-Secure has not pled an independent affirmative claim against each of ARC, APAC, or ATSC that arises under federal law.  F-Secure's counterclaims may be asserted only against DSC, as the corporate entities of ARC, APAC, and ATSC have no interest in the patents in suit.  The "alter ego" theory of F-Secure is **state law** based and therefore does not arise under federal law or the Constitution and cannot support jurisdiction under 28 U.S.C. §1331.[16]  In *Peacock v. Thomas*, the United States Supreme Court held that the "veil-piercing claim" brought in that case did not state a cause of action under the federal law at issue (ERISA) and, as such, "[could not] independently support federal jurisdiction."[17]  Similarly, F-Secure's "alter ego" allegations against ARC, APAC, and ATSC do not arise under the relevant federal patent laws and cannot support federal jurisdiction.

## B.    F-SECURE'S COUNTERCLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6).

Courts in the Central District and the Ninth Circuit have routinely dismissed claims under Federal Rule of Civil Procedure 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."[18] "A Rule 12(b)(6) motion tests the legal sufficiency of the

---

[15] *See North County Communications Corp. v. California Catalog Technology,*2007 WL4200203 at *4 (S.D. Cal. Nov. 26, 2007).

[16] *See Peacock v. Thomas*, 516 U.S. 349, 353-354 (1996).

[17] *Id.*

[18] *Id.* (*quoting Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988)).

9

1  claims asserted in the complaint."[19] In determining whether a dismissal pursuant to

2  Rule 12(b)(6) is proper, the court generally looks only to the face of the complaint

3  and documents attached thereto.[20] "To dismiss with prejudice, it must appear to a

4  certainty that the plaintiff would not be entitled to relief under any set of facts that

5  could be proved."[21]  "If the Court determines that a party has been improperly

6  joined, it may order that party dismissed from the action."[22]

7       As stated previously, ARC, APAC, and ATSC do not have title to the patents-

8  in-suit.  The relief F-Secure seeks with respect to these counterclaims cannot be

9  granted against ARC, APAC, and ATSC.  F-Secure's position is, at best, an issue

10 that arises if and only when F-Secure obtains a judgment or order rendered against

11 DSC and then seeks to enforce this hypothetical judgment against DSC or against

12 the fictitious alter-egos F-Secure is attempting to create.  F-Secure's entire theory is

13 based on a hypothetical circumstance, and is certainly not ripe.  This nonexistent

14 hypothetical is merely a tactic to distract from the issues of F-Secure's own

15 infringement of the patents-in-suit.  Therefore, F-Secure's counterclaims should be

16 dismissed for failure to state a claim for which relief can be granted under Federal

17 Rule of Civil Procedure 12(b)(6).

18
19 
   ## C.   THE COURT SHOULD DISMISS ALL COUNTERCLAIMS AGAINST ARC, APAC, AND ATSC AS UNTIMELY.

20      Even if the Court somehow finds that the counterclaims against ARC, APAC,

21 and ATSC may proceed under the Declaratory Judgment Act, F-Secure's

22 counterclaims should be dismissed as untimely.  F-Secure's timeframe for adding

23 [19] *See Diermenjian v. Deutsche Bank, A.G.*, No. CV 06-774, 2007 WL 4395065, *3
   (C.D. Cal. Dec. 14, 2007).

24 [20] *See Diermenjian*, 2007 WL 4395065 at *3 (*citing Van Buskirk v. Cable News
25 Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002); *Hal Roach Studios, Inc. v. Richard
   Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. l990)).

26 [21]  *See Wang Labs, Inc. v. Mitsubishi Elecs. Am., Inc.*, 29 U.S.P.Q.2d 1481, 1486
27 (C.D. Cal. Mar. 24, 1993); *see also Halet v. Wend Investment Co.*, 672 F.2d 1305,
   1309 (9th Cir. 1982).

28 [22] *See Wang Labs*, 29 U.S.P.Q.2d at 1486.

any new parties had long expired when F-Secure filed its counterclaims against ARC, APAC, and ATSC on November 30, 2007.  The Court's July 23, 2007 Amended Scheduling Order under the heading "JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS" clearly states that:

> The deadline for joining parties and amending pleadings is ninety (90) days after the date of this Order.  Any motions to join other parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of this Order so that they can be heard and decided prior to the deadline.

Amended Scheduling Order at 1 [Doc. No. 104].

Therefore, pursuant to the Court's Order, the deadline for F-Secure to join parties and amend pleadings was October 21, 2007 (90 days from the date of the Amended Scheduling Order).  The Amended Scheduling Order also required that any ***motions to join other parties or for leave to amend the pleadings*** be filed by September 21, 2007 (60 days from the date of the Amended Scheduling Order).[23]  F-Secure never filed any such motion to join other parties or sought leave to amend its pleadings. *See* Aiena Decl. at ¶7.  Instead, on November 30, 2007, F-Secure amended its counterclaims and improperly added ARC, APAC, and ATSC to the suit, all with no motion or request for leave to do so.

Further, it is important to note that nothing in DSC's First Amended Consolidated Complaint changed with regard to the substance of the infringement allegations against F-Secure.  In the Amended Consolidated Complaint, DSC repeated the claims of its original complaint against F-Secure and did not file claims based on additional patents or additional legal grounds against F-Secure.  *See* Aiena

---

[23] DSC was not required to file a motion to amend or to join parties, as the Court had already entered an Order setting the deadline of November 29, 2007 for it to do so in the *Oracle* action, and later requiring DSC to file a Consolidated Complaint by November 8, 2007.  Had DSC sought to amend in the *Symantec* action, it would have been required to file a motion pursuant to the Amended Scheduling Order.

Decl. at ¶5.  F-Secure is merely using the amended complaint as an excuse to assert claims against new parties that could have been brought sooner, if at all.  This improper act by F-Secure without leave of the Court requires the dismissal of these counterclaims.    These amended counterclaims and newly-added parties both untimely and improper. As such, there exists yet another basis for the Court to dismiss the amended counterclaims against ARC, APAC, and ATSC.

**D.   ALTERNATIVELY, THE COURT SHOULD DISMISS THE COUNTERCLAIMS AND DEFENSES ASSERTED AGAINST ARC, APAC, AND ATSC BASED ON ALLEGED INEQUITABLE CONDUCT AS IMPROPERLY PLED UNDER RULE 9(B).**

Alternatively, if the counterclaims are allowed, ARC, APAC, and ATSC move the Court to strike F-Secure's inequitable conduct affirmative defenses and counterclaims pursuant to Federal Rule of Civil Procedure 12(f) because they are improperly pled under Rule 9(b).   In that regard, ARC, APAC, and ATSC incorporate by reference all of the arguments and discussions in Plaintiff DSC's Motion to Strike F-Secure's and Business Objects' Affirmative Defenses and Counterclaims Based on Inequitable Conduct.[24]

**IV.   CONCLUSION.**

For all of the foregoing reasons, ARC, APAC, and ATSC respectfully request that the Court dismiss all of F-Secure's counterclaims against Acacia Research Corporation, Acacia Patent Acquisition Corporation, and Acacia Technology Services Corporation for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted.  Acacia Research Corporation, Acacia Patent Acquisition Corporation, and Acacia Technology Services Corporation request that F-Secure's counterclaims against them be stricken as untimely.  In the alternative only, Acacia Research Corporation, Acacia Patent Acquisition Corporation, and Acacia Technology Services Corporation ask the Court to strike F-Secure's affirmative defenses and counterclaims which are based on inequitable conduct as

---

[24] *See* Doc. No. 305, 306 and 307.

1   improperly pled.

2   Dated:  December 31, 2007          RUTAN & TUCKER, LLP
                                        DAN E. CHAMBERS
3                                       AKO S. WILLIAMS

4                                       By:    */s/ Ako S. Williams*
                                                Ako S. Williams
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Rachel Myrick, declare:

I am over the age of 18 years, am not a party to this Action, and am employed in the County of Dallas, Texas.  My business address is SHORE CHAN BRAGALONE LLP, 325 N. St. Paul, Suite 4450, Dallas, Texas 75201.

On December 31, 2007, I caused to be served the following attached documents:

**COUNTERCLAIM-DEFENDANTS' ACACIA RESEARCH CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, AND ACACIA TECHNOLOGY SERVICES CORPORATION MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR STRIKE DEFENDANT F-SECURE'S COUNTERCLAIMS**

on the following individuals and entities, as addressed below in the Service List, by the means indicated below:

___ **BY FEDERAL EXPRESS.**  I caused above-identified document(s) to be placed in a sealed Federal Express envelope(s) with delivery fees fully prepaid, for delivery to addressee(s) on the next business day.

___ **BY FACSIMILE.**  I caused the above-identified document(s) to be sent by facsimile transmission to the party(ies) listed below at the facsimile number(s) shown.

___ **BY HAND DELIVERY.**  I directed a messenger/courier to personally deliver said document(s) to the addressees identified below on the same business day.

___ **BY U.S. MAIL.**  I caused the above-identified document(s) to be deposited for collection at Shore Chan Bragalone following the regular practice for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, correspondence is deposited with the United States Postal Service on this day.

_**X**_ **ELECTRONIC MAIL.**  I caused the above-identified document(s) to be sent by electronic mail via the Court's ECF filing system to all counsel of record for Defendants and electronic mail to all parties who have not registered for ECF filing.

I declare under penalty of perjury that the following is true and correct.

Executed at Dallas, Texas on December 31, 2007.

*/s/ Rachel Myrick*
Rachel Myrick

14

## SERVICE LIST

CASE NO. SA CV 06-1211 DOC (ANx)[**LEAD CASE**]

*DIAGNOSTIC SYSTEMS CORPORATION vs. SYMANTEC, et. al.*

(**CONSOLIDATED** with Case No. SACVO7-960 AG (MLGx))

*DIAGNOSTIC SYSTEMS CORPORATION vs. COGNOS CORPORATION, et. al.*

| | |
|---|---|
| **NetIQ Corporation** | Harry A. Olivar, Jr., Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017<br>Telephone: 213.443.3000<br>Facsimile: 213.443.3100<br>harryolivar@quinnemanuel.com<br><br>Jean C. Frizzell, Esq.<br>Jeremy L. Doyle, Esq.<br>Sam W. Cruse, III, Esq.<br>Mark A. Guigliano, Esq.<br>Gibbs & Bruns, LLP<br>1100 Louisiana Street, Suite 5300<br>Houston, Texas  77002<br>Telephone 713.650.8805<br>Facsimile: 713.750.0903<br>jfrizzell@gibbs-bruns.com<br>jdoyle@gibbs-bruns.com<br>scruse@gibbs-bruns.com<br>mgiugliano@gibbs-bruns.com |
| **Quest Software, Inc.** | Stephen S. Korniczky, Esq.<br>S. Christian Platt, Esq.<br>Amy E. Simpson, Esq.<br>James V. Fazio, III, Esq.<br>Ericka A. Jacobs, Esq.<br>Paul, Hastings, Janofsky & Walker, LLP<br>3579 Valley Centre Drive<br>San Diego, California  92130<br>Telephone: 858.720.2500<br>Facsimile: 858.720.2555<br>stephenkorniczky@paulhastings.com<br>christianplatt@paulhastings.com |

15

| | | amysimpson@paulhastings.com |
| | | jamesfazio@paulhastings.com |
| | | erickajacobs@paulhastings.com |
| | | |
| | | Paul J. Wilson, Esq. |
| | | Paul, Hastings, Janofsky & Walker, LLP |
| | | 875 15th Street, NW |
| | | Washington, DC  20005 |
| | | Telephone:  202.551.1748 |
| | | Facsimile:   202.551.0148 |
| | | paulwilson@paulhastings.com |
| | | |
| | | James Coughlan, Esq. |
| | | Paul, Hastings, Janofsky & Walker, LLP |
| | | 191 N. Wacker Drive, 30th Floor |
| | | Chicago, IL 60606 |
| | | Telephone: 312.499.6047 |
| | | Facsimile: 312.499.6147 |
| | | jamescoughlan@paulhastings.com |
| **Symantec Corporation** | | Mark A. Flagel, Esq. |
| | | Latham & Watkins, LLP |
| | | 633 West Fifth Street, Suite 4000 |
| | | Los Angeles, California 90071 |
| | | Telephone:  213.485.1234 |
| | | Facsimile:  213.891.8763 |
| | | mark.flagel@lw.com |
| | | |
| | | Michael J. Schallop, Esq. |
| | | Latham & Watkins, LLP |
| | | 140 Scott Drive |
| | | Menlo Park, California  94025 |
| | | Telephone:  650.328.4600 |
| | | Facsimile:  650.4632600 |
| | | michael.schallop@lw.com |
| | | |
| | | David A. Nelson, Esq. |
| | | Michael F. Harte, Esq. |
| | | Latham & Watkins LLP |
| | | 233 South Wacker |
| | | Chicago, Illinois  60606 |

| | | |
|---|---|---|
| | | Telephone:  312.876.7700<br>Facsimile:  312.993.9767<br>david.nelson@lw.com<br>michael.harte@lw.com |
| | | |
| | **NetScout Systems, Inc.** | Steven M. Hanle, Esq.<br>Stradling Yocca Carlson & Rauth<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, California  92660<br>Telephone:  949.725.4000<br>Facsimile:  949.725.4100<br>shanle@sycr.com<br><br>Richard S. Sanders, Esq.<br>Jay Kesten, Esq.<br>Cooley Godward Kronish LLP<br>The Prudential Tower<br>800 Boylston Street • 46th Floor<br>Boston, MA  02199<br>Telephone: 617.937.2317<br>Facsimile: 617.937.2400<br>rsanders@cooley.com<br>jkesten@cooley.com<br><br>Alastair J.M. Findeis, Esq.<br>Cooley Godward Kronish LLP<br>101 California Street, 5th Floor<br>San Francisco, California  94111-3580<br>Telephone:  415.693.2000<br>Facsimile:  415.693.2222<br>afindeis@cooley.com |
| | | |
| | **F-Secure, Inc.** | Marc N. Bernstein, Esq.<br>Sarah Botz, Esq.<br>Theodore J. Cody, Esq.<br>The Bernstein Law Group, P.C.<br>555 Montgomery Street, Suite 1650<br>San Francisco, California 94111<br>Main: 415.765.6633<br>Fax:  415.283.4804<br>mbernstein@blgrp.com |

| | | |
|---|---|---|
| | sbotz@blgrp.com<br>tcody@blgrp.com<br><br>Donald J. Putterman, Esq.<br>Sideman & Bancroft LLP<br>One Embarcadero Center, Eighth Floor<br>San Francisco, California  94111<br>Telephone:  415.392.1960<br>Facsimile:  415.392.0827<br>dputterman@sideman.com | |
| **Oracle Corporation** | Mark A. Flagel, Esq.<br>Latham & Watkins, LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, California 90071<br>Telephone:  213.485.1234<br>Facsimile:  213.891.8763<br>mark.flagel@lw.com<br><br>Michael Harte, Esq.<br>David A. Nelson, Esq.<br>Latham & Watkins LLP<br>Sears Tower – Suite 5800<br>233 South Wacker<br>Chicago, Illinois 60606<br>Telephone:  312.876.7700<br>michael.harte@lw.com<br>david.nelson@lw.com | |
| **SAS Institute, Inc.** | David A. Randall, Esq.<br>Robert W. Dickerson, Jr., Esq.<br>Jones Day<br>555 South Flower Street, 15th Floor<br>Los Angeles, CA 90071<br>Telephone: 213.489.3939<br>Facsimile:   213.243.2539<br>darandall@jonesday.com<br>rwdickerson@jonesday.com | |

| | |
|---|---|
| **Business Objects Americas f/k/a Business Objects, Inc.** | Robert W. Stone, Esq.<br>Michael Powell, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, California 94065<br>Telephone: 650.801.5000<br>Facsimile: 650.801.5100<br>robertstone@quinnemanuel.com<br>mikepowell@quinnemanuel.com |
| | |
| **BMC Software, Inc.** | Chad Shear, Esq.<br>Fish and Richardson PC<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: 214.747.5070<br>Facsimile: 214.747.2091<br>shear@fr.com<br><br>Joseph P. Reid, Esq.<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, California 92130-2081<br>Telephone: 858.678.5070<br>Facsimile: 858.678.5099<br>reid@fr.com<br><br>Michael Chibib, Esq.<br>Bradley D. Coburn, Esq.<br>Ryan McCarthy, Esq.<br>Fish and Richardson PC<br>111 Congress Avenue, Suite 810<br>Austin, Texas 78701<br>Telephone: 512.472.5070<br>Facsimile: 512.320.8935<br>chibib@fr.com<br>coburn@fr.com<br>rmccarthy@fr.com |

| **Cognos Corporation** | Gregory L. Lippetz, Esq.<br>Jessie Amberg, Esq.<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, California 94111-4067<br>Telephone: 415.393.2655<br>Facsimile: 415.262.9202<br>gregory.lippetz@bingham.com<br>jessie.amberg@bingham.com<br><br>Ryan M. Nishimoto, Esq.<br>Bingham McCutchen LLP<br>335 South Grand Avenue, Suite 4400<br>Los Angeles, California  90071-3106<br>Telephone:  213.680.6400<br>ryan.nishimoto@bingham.com |
| --- | --- |
| **International Business Machines Corporation** | Mike Powell, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>Telephone: 650.801.5000<br>Facsimile:  650.801.5100<br>mikepowell@quinnemanuel.com |
| **SAP America, Inc.** | Behrooz Shariati, Esq.<br>James E. Glore, Esq.<br>Jones Day<br>1755 Embarcadero Road<br>Palo Alto, California   94303<br>Main: 650.739.3939<br>Fax: 650.739.3900<br>jeglore@jonesday.com<br>bshariati@jonesday.com |
| **Microstrategy, Inc. d/b/a MSIMicrostrategy Incorporated** | William McElwain, Esq.<br>James L. Quarles, III, Esq.<br>Wilmer Cutler Pickering Hale and Dorr<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 |

| | | |
|---|---|---|
| 1 | | Telephone:  202.663.6000 |
| 2 | | Facsimile:  202.663.6363 |
| | | william.mcelwain@wilmerhale.com |
| 3 | | james.quarles@wilmerhale.com |
| 4 | | |
| | | William Bohler, Esq. |
| 5 | | Wilmer Cutler Pickering Hale and Dorr |
| 6 | | 1117 California Avenue |
| | | Palo Alto, California 94304 |
| 7 | | Telephone: 650.858.6000 |
| 8 | | Facsimile:   650.858.6100 |
| | | william.bohler@wilmerhale.com |
| 9 | | |
| 10 | **Information Builders, Inc.** | Jeffrey C. Morgan, Esq. |
| | | Troutman Sanders LLP |
| 11 | | Bank of America Plaza |
| 12 | | 600 Peachtree Street, N.E. |
| | | Atlanta, Georgia  30308-2216 |
| 13 | | Direct Tel:  404.885.3661 |
| 14 | | Direct Fax: 404.962.6530 |
| | | jeffrey.morgan@troutmansanders.com |
| 15 | | |
| 16 | | Joseph H. Einstein, Esq. |
| | | Labaton Sucharow LLP |
| 17 | | 140 Broadway |
| 18 | | New York, New York 10005 |
| | | Telephone:  212.907.0843 |
| 19 | | Facsimile:  212.883.7043 |
| 20 | | jeinstein@labaton.com |
| 21 | | |
| | | Jon W. Gurka, Esq. |
| 22 | | Knobbe, Martens, Olson & Bear, LLP |
| 23 | | 2040 Main Street, 14th Floor |
| | | Irvine, California  92614 |
| 24 | | Telephone:  949.760.0404 |
| 25 | | Facsimile:  949.760.9502 |
| | | jon.gurka@kmob.com |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| **Aspen Technology Inc.**<br>**d/b/a Massachusetts**<br>**Aspen Technology, Inc.** | Craig N. Hentschel, Esq.<br>Dykema Gossett LLP<br>333 South Grand Avenue, Suite 2100<br>Los Angeles, California 90071<br>Telephone:  213.457.1800<br>Facsimile:    213.457.1850<br>chentschel@dykema.com<br><br>Robert C. Morgan<br>Hiroyuko Hagiwara<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Telephone:   (212) 596-9000<br>Direct dial:   (212) 596-9133<br>Facsimile:    (212) 596-9090<br>robert.morgan@ropesgray.com<br>hiroyuki.hagiwara@ropesgray.com |

\* \* \*