Dan E. Chambers (SBN 156853)
Ako S. Williams (SBN 212451)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
dchambers@rutan.com
awilliams@rutan.com
Attorneys for Counterclaim-Defendants
ACACIA RESEARCH CORPORATION,
ACACIA PATENT ACQUISITION
CORPORATION, AND
ACACIA TECHNOLOGY SERVICES
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

DIAGNOSTIC SYSTEMS CORP.,

*Plaintiff*,

vs.

SYMANTEC CORPORATION, et al.,

*Defendants*.

CASE NO. SA CV 06-1211 DOC (ANX)
LEAD CASE (CONSOLIDATED WITH
CASE NO. SACVO7-960 AG (MLGX))

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTERCLAIM-DEFENDANTS ACACIA RESEARCH CORP., ACACIA PATENT ACQUISITION CORP., AND ACACIA TECHS. SERVS. CORP.'S MOTION TO DISMISS AND/OR STRIKE DEFENDANT F-SECURE'S COUNTERCLAIMS**

Date Action Filed: December 14, 2006
Trial Date: October 21, 2008
Proposed Trial Date: March 31, 2009
Hearing Date: March 27, 2008
Time: 8:30 a.m.
Ctrm: 9D
THE HONORABLE DAVID O. CARTER

F-SECURE, INC.,
    Counterclaimant,

vs.

DIAGNOSTIC SYSTEMS CORPORATION, ACACIA RESEARCH CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, and ACACIA TECHNOLOGY SERVICES CORPORATION,
    Counterclaim-Defendants.

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

F-Secure violates both the Federal Rules and the Court's scheduling order by belatedly attempting to add Acacia Research Corp. ("ARC"), Acacia Patent Acquisition Corp. ("APAC"), and Acacia Technologies Services Corp. ("ATSC") to the lawsuit. As previously demonstrated, because Diagnostic Systems Corp. ("DSC") is the only entity with an interest in the '590 and '400 patents, this Court lacks jurisdiction over ARC, APAC, and ATSC. F-Secure, however, attempts to manufacture jurisdiction by employing the alter ego doctrine in an attempt to pierce the corporate veil between ARC, APAC, ATSC, and the Plaintiff DSC. But F-Secure's attempt to pierce the corporate veil must fail, as it lacks sufficient evidence to meet the test for invoking the alter ego doctrine. Even if F-Secure could establish jurisdiction, it cannot add ARC, APAC, and ATSC because it fails to state a claim against them. Further, it is beyond dispute that F-Secure's filing is untimely under the Court's deadline to add parties. Accordingly, the Court should grant Counterclaim-Defendants ARC, APAC, and ATSC's Motion to Dismiss and/or Strike Defendant F-Secure's Counterclaims.

## II. F-SECURE CANNOT ESTABLISH JURISDICTION OVER ARC, APAC, OR ATSC

As set forth in ARC, APAC, and ATSC's Memorandum of Points and Authorities in Support of the Motion to Dismiss and/or Strike Defendant F-Secure's Counterclaims ("Memorandum"), the Court does not have jurisdiction over ARC,

APAC, and ATSC because (1) there is no "case" or "actual controversy" between F-Secure and ARC, APAC, and ATSC; (2) F-Secure's "alter ego" theory is irrelevant because there is no subject matter jurisdiction; and (3) F-Secure's "alter ego" claims do not arise under federal law. (Memorandum at 4-8.)[1]

**A. The Evidence Cited by F-Secure Does Not Pierce the Veil Between ARC, APAC, ATSC, and DSC.**

**1. F-Secure Offers Limited Evidence Showing Unity of Interest.**

F-Secure cannot pierce the corporate veil between ARC, APAC, ATSC and DSC because it fails to meet the test, irrespective of whether California law or federal common law applies.[2] California courts apply a two-part test to determine whether or nor to invoke the alter ego doctrine.[3] First, there must be a unity of interest and ownership between the corporation and the equitable owners of the entity in question such that separate entities do not exist.[4] Second, there must be a showing that failure to disregard their status as separate entities would cause an inequitable result.[5] F-Secure's "evidence" fails to support either of these factors.

Case law recognizes at least twenty-four factors to be considered when deciding whether the alter ego doctrine applies.[6] Leaving aside the obvious

---

[1] For purposes of simplifying this Reply, ARC, APAC, and ATSC do not dispute F-Secure's contention that the alter ego doctrine is a matter of federal common law. (*See* F-Secure's Opposition to Acacia Entities' Motion to Dismiss and/or Strike F-Secure's Counter Claims ("Opp.") at 7:9-20.)

[2] Federal common law is very similar to California common law, and federal courts draw upon it for guidance. *See, e.g., Bowoto v. Chevron Texaxco Corp*., 312 F. Supp. 2d 1229, 1236-37 (N.D. Cal. 2004) (explaining the distinctions between procedural and/or jurisdictional issues and liability under state and federal law).

[3] *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523,538 (2000); *Automotriz Del Golfo De CA. S.A, De C.V. v. Resnick,* 47 Cal.2d 792,796 (1957).

[4] *Sonora Diamond,* 83 Cal.App.4th at 538.

[5] *Id*.

[6] Among the factors to be considered when applying the alter ego doctrine are (1) commingling funds and other assets of the two entities; (2) the failure to segregate funds of the separate entities; (3) the unauthorized diversion of corporate funds or assets to other than corporate uses; (4) the treatment by an individual of the assets of the corporation as his own; (5) the failure to obtain authority to issue stock or to

deficiencies in the quality of F-Secure's "evidence" in Opposition to the Motion to Strike, F-Secure is only able to muster allegations as to six of the twenty-four factors.[7] Although no one characteristic controls, the Court must look at the totality of the circumstances to determine whether the doctrine should be applied.[8] And although F-Secure alleges some "evidence" as to a few factors, it lacks evidence on the factors most relied-upon to show alter ego, such as commingling funds, failure to maintain legal formalities, and inadequate capitalization. Because F-Secure is unable to cite to any basis on which it would prove its allegations on ***eighteen of the twenty-four factors***, and because F-Secure's allegations on the six factors are as unpersuasive as they are unremarkable,[9] F-Secure is unable to meet the first prong

---

subscribe to or issue the same; (6) holding out by one entity that it is liable for the other; (7) the failure to maintain minutes or adequate corporate records, (8) the confusion of the records of the separate entities; (9) use of the same offices, employees, and/or attorneys; (10) use of one entity as a shell or mere conduit for the affairs of the other; (11) inadequate capitalization, (12) identical equitable ownership; (13) identification of the equitable owners thereof with the domination and control of the two entities; (14) identical directors and officers of the two entities in the responsible supervision and management; (15) sole ownership of all of the stock in a corporation by one individual or the member of a family; (16) the failure to adequately capitalize the corporation; (17) the total absence of corporate assets and undercapitalization; (18) the use of the corporation as a mere shell; (19) concealment and misrepresentation of the identity responsible for the ownership, management, and financial interest; (20) the disregard of legal formalities and the failure to maintain an arm's length relationship; (21) the use of the corporate entity to procure labor, services, or merchandise for another entity; (22) diversion of assets to the detriment of creditors; (23) contract with another with the intent to avoid performance by use of a corporate entity as a shield against personal liability; and (24) formation and use of a corporation to transfer to it the existing liability of another entity. *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal.App.2d 825,838-40 (1962) (internal citations omitted).

[7] The only "evidence" that F-Secure presents that would arguably fall within any of the factors is: factor (9) (Opp. at 9:1-5, 9-12, and 10:13-20), factor (10) (*id* at 11:25), factor (12) (*id.* at 9:13-16), factor (13) (*id.* at 9:17-10:20), factor (14) (*id.* at 9:9-12), and factor (18) *id* at 11:25. The remainder of F-Secure's "evidence" simply repeats the same factors or cites to information that is irrelevant under the factors.

[8] *Sonora Diamond,* 83 Cal.App.4th at 539.

[9] For example, F-Secure criticizes DSC representative Matthew Vella for being unable to recall the precise titles of persons working for DSC without reliance upon documents. (*See* Opp. at 10:21-11:5.) Not surprisingly, there is no authority that

of the alter ego test—*i.e.*, a unity of interest and ownership between the corporation and the equitable owners of the entity in question.

**2. F-Secure Has No Evidence of Wrongful Purpose.**

Under the second factor of the alter ego test, the entity in dispute must be used by the other entity to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purposes.[10] The only argument F-Secure is able to advance that is even colorably related to this prong is that ARC, APAC, and ATSC must be joined to the current lawsuit in order to satisfy some hypothetical and future award of sanctions and attorneys' fees which F-Secure might later be awarded. F-Secure's argument is fatally flawed. DSC, as the plaintiff and the sole owner of the patents-in-suit, is fully able to respond to any sanctions award that F-Secure could possibly obtain, and F-Secure provides no evidence to support its belief that ARC, APAC, and ATSC must be joined to satisfy a hypothetical (and completely unwarranted) award of sanctions.

Knowing full well that it lacks evidence to oppose ARC, APAC, and ATSC's Motion to Strike, F-Secure asks the Court for another chance to gather evidence to meet the high evidentiary burden to invoke the alter ego doctrine. (*See* Opp. at 14:14-26.) But, F-Secure already deposed Matthew Vella, a corporate representative for DSC and APAC (*see id.* at 9:5-8), yet failed to obtain the necessary evidence that would support adding ARC, APAC, and ATSC to the lawsuit. F-Secure has no basis to demand that the Court permit it to repeatedly interrogate ARC, APAC, ATSC, and DSC's witnesses until it somehow extracts testimony that would assist its campaign. Mr. Vella has already provided ample evidence to F-Secure that ARC, APAC, ATSC, and DSC are separate, distinct entities—F-Secure is simply unwilling to accept the truth.

---

says the inability of a 30(b)(6) representative to recall details without reliance upon documents is grounds for piercing the corporate veil.

[10] *Communist Party of the U.S. of Am. v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 993 (1995).

### B. The *Cognex* Case is Distinguishable and Inapplicable to ARC, APAC, and ATSC's Motion to Strike.

Throughout its Opposition, F-Secure cites an unreported Minnesota district court case, *Cognex v. VCode Holdings. Inc.*,[11] for the proposition that piercing the corporate veil in this case is appropriate. (*See* Opp. *passim.*) The *Cognex* case is easily distinguished and is inapplicable to this case for several significant reasons.

First, under the alter ego doctrine, when a court considers piercing the corporate veil, it must consider all factors.[12] Although *Cognex* mentioned several of the factors, the court apparently based its decision to invoke the alter ego doctrine on merely one factor—the inability for the parties to engage in arm's length negotiations.[13] Piercing the corporate veil based on one factor is impermissible.

Second, the *Cognex* case is further distinguishable by the fact that the entity deemed to have been the alter ego of ARC was an ***exclusive licensee*** of the patent-in-suit.[14] Here, DSC owns the patents-in-suit outright via an assignment. (*See* Memorandum at 1:16-21.) This is a significant distinction; unlike *Cognex*, no other entity, including ARC, APAC, or ATSC, holds any interest whatsoever in the patents-in-suit. Thus, while an independent basis existed for the *Cognex* court to maintain jurisdiction over ARC in that case, no independent basis exists for exercising jurisdiction over either ARC, APAC, or ATSC in this action, and none are proper parties to this suit. (*See* Memorandum 4-6.)[15]

Third, the *Cognex* court also ignored the second prong of the alter ego test. *Cognex* offers no indication that the court evaluated or determined that piercing the

---

[11] Civ. No. 06-1040, 2006 WL 3043129 (D. Minn. Oct. 24, 2006),
[12] *Sonora Diamond,* 83 Cal.App.4th at 538.
[13] *Cognex*, 2006 WL 3043129, at *11.
[14] *See* Abstract of Title for U.S Patent No. 5,612,524 http://assignments.uspto.gov/assignments/q?db=pat&qt=pat&reel=&frame=&pat=5612524&pub=&asnr=&asnri=&asne=&asnei=&asns= (last visited Mar. 17, 2008).
[15] Although relevant, the *Cognex* court did not discuss the fact that the entity was exclusive licensee as a factor in piercing the corporate veil.

corporate veil was necessary to prevent fraud or correct wrongful conduct. The *Cognex* court's failure to apply the second factor of the two-prong test is particularly troubling because the "[a]lter ego is an extreme remedy, sparingly used."[16] The *Cognex* court's failure to apply the correct, full test for determining an alter ego renders the entire case suspect.

## III. F-SECURE'S COUNTER-CLAIMS AGAINST ARC, APAC, AND ATSC SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM

F-Secure fails to adequately respond to ARC, APAC, and ATSC's argument that F-Secure cannot state a claim against them because it has not pled that ARC, APAC, and ATSC have any ownership interests in the patents-in-suit. (*See* Opp. at 15:1-17.) Instead, F-Secure attempts to side-step this fatal flaw by alleging that ARC, APAC, and ATSC's Rule 12(b)(6) argument "is grounded solely on materials" outside the four corners of F-Secure's Counterclaims, and therefore, should not be considered by the Court. (*Id*. at 15:8-11.) F-Secure is mistaken.

ARC, APAC, and ATSC's Rule 12(b)(6) argument is based solely on the facts set forth in F-Secure's Counterclaims, which itself omits any statement that ARC, APAC, and/or ATSC own any interest in the patents in suit. (Dkt. No. 250.) Because F-Secure fails to allege that ARC, APAC, and ATSC have an ownership interest in the patents-in-suit, F-Secure has stated no cognizable claim against ARC, APAC, and ATSC. (*See* Memorandum at 9:18-10:17.)

Again, F-Secure's only basis for suing ARC, APAC, and ATSC is the hypothetical concern that DSC would not be able to pay any relief ordered by the Court (Opp. at 24:5-16.) F-Secure is unable to cite to any authority that finds such

---

[16] *Sonora Diamond Corp.*, 83 Cal.App.4th at 539 (citing *Calvert v, Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995)) *accord Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) ("The doctrine of piercing the corporate veil…is the rare exception, applied in the case of fraud or certain other exceptional circumstances."); *Katzir's Floor & Home Design, Inc. v. M-MLS.Com*, 394 F.3d 1143, 1149 (9th Cir. 2004) (quoting *Dole*).

an alleged concern sufficient to satisfy 28 U.S.C. § 1331. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

## IV. F-SECURE MISSED THE DEADLINE TO ADD ARC, APAC, AND ATSC; ITS SELF-SERVING ASSUMPTIONS DO NOT CHANGE THE COURT'S ORDER

ARC, APAC, and ATSC's Memorandum explains that F-Secure's deadline to add parties to the lawsuit was October 21, 2007. (Memorandum at 10-12.) Instead of abiding by that deadline, F-Secure amended its pleadings, without leave of Court, on November 30, 2007. (*Id.* at 11.) In its untimely and unauthorized filing, F-Secure provides no explanation as to why it missed the Court's filing deadline or why it believed it could amend its pleadings without seeking leave.[17]

In its Opposition, F-Secure sheepishly admits that it just assumed (without even attempting to confirm its assumption) that the deadline to amend pleadings had been extended to some unspecified date in March 2008. Such disregard for the Court's scheduling order is unacceptable. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."[18] Further, F-Secure's assumption is highly prejudicial to ARC, APAC, and ATSC because it purports to improperly join them to this action and requires the three entities to engage in motion practice in order to enforce the Court's deadlines. Notably, F-Secure only requested permission to amend its pleadings after ARC, APAC, and ATSC filed its present Motion to Strike. (*See* Opp. at 16-17.)

F-Secure is obligated to respect the Court's scheduling order and its practice of ignoring it should not be rewarded. Accordingly, Counterclaim Defendants ARC, APAC, and ATSC's Motion to Dismiss and/or Strike Defendant F-Secure's Counterclaims should be granted.

Dated: March 17, 2008 Respectfully submitted,

---

[17] For example, F-Secure failed to explain why it could not meet the October 21, 2007, filing deadline despite the fact that its deposition of Matthew Vella took place nearly a month earlier on September 25, 2007. (*See* Opp. at 9:5-8.)

[18] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

By: */s/ Ako S. Williams*
Ako S. Williams, Esq.
RUTAN & TUCKER LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
dchambers@rutan.com
awilliams@rutan.com

Attorneys for Counterclaim-Defendants
ACACIA RESEARCH CORPORATION,
ACACIA PATENT ACQUISITION CORPORATION, AND
ACACIA TECHNOLOGY SERVICES CORPORATION

## PROOF OF SERVICE

I, Rachel Myrick, declare:

I am over the age of 18 years, am not a party to this Action, and am employed in the County of Dallas, Texas. My business address is SHORE CHAN BRAGALONE LLP, 325 N. St. Paul, Suite 4450, Dallas, Texas 75201.

On March 17, 2008, I caused to be served the following attached documents:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COUNTERCLAIM-DEFENDANTS ACACIA RESEARCH CORP., ACACIA PATENT ACQUISITION CORP., AND ACACIA TECHNOLOGIES SERVICES CORP.'S MOTION TO DISMISS AND/OR STRIKE DEFENDANT F-SECURE'S COUNTERCLAIMS**

on the following individuals and entities, as addressed below in the Service List, by the means indicated below:

____ **BY FEDERAL EXPRESS.** I caused above-identified document(s) to be placed in a sealed Federal Express envelope(s) with delivery fees fully prepaid, for delivery to addressee(s) on the next business day.

____ **BY FACSIMILE.** I caused the above-identified document(s) to be sent by facsimile transmission to the party(ies) listed below at the facsimile number(s) shown.

____ **BY HAND DELIVERY.** I directed a messenger/courier to personally deliver said document(s) to the addressees identified below on the same business day.

____ **BY U.S. MAIL.** I caused the above-identified document(s) to be deposited for

collection at Shore Chan Bragalone following the regular practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence is deposited with the United States Postal Service on this day.

_**X** **ELECTRONIC MAIL.** I caused the above-identified document(s) to be sent by electronic mail via the Court's ECF filing system to all counsel of record for Defendants and electronic mail to all parties who have not registered for ECF filing.

I declare under penalty of perjury that the following is true and correct.

Executed at Dallas, Texas on March 17, 2008.

*/s/ Rachel Myrick*
Rachel Myrick

10 REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARC, APAC, AND ATSC'S MOTION TO DISMISS AND/OR STRIKE COUNTERCLAIMS

**SERVICE LIST**

CASE NO. SA CV 06-1211 DOC (ANx)[**LEAD CASE**]

*DIAGNOSTIC SYSTEMS CORPORATION vs. SYMANTEC, et. al.*

(**CONSOLIDATED** with Case No. SACVO7-960 AG (MLGx))

*DIAGNOSTIC SYSTEMS CORPORATION vs. COGNOS CORPORATION, et. al.*

| | |
|---|---|
| **NetIQ Corporation** | Harry A. Olivar, Jr., Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: 213.443.3000<br>Facsimile: 213.443.3100<br>harryolivar@quinnemanuel.com<br><br>Jean C. Frizzell, Esq.<br>Jeremy L. Doyle, Esq.<br>Sam W. Cruse, III, Esq.<br>Mark A. Guigliano, Esq.<br>Gibbs & Bruns, LLP<br>1100 Louisiana Street, Suite 5300<br>Houston, Texas 77002<br>Telephone: 713.650.8805<br>Facsimile: 713.750.0903<br>jfrizzell@gibbs-bruns.com<br>jdoyle@gibbs-bruns.com<br>scruse@gibbs-bruns.com<br>mgiugliano@gibbs-bruns.com |
| | |
| **Quest Software, Inc.** | Stephen S. Korniczky, Esq.<br>S. Christian Platt, Esq.<br>Amy E. Simpson, Esq.<br>James V. Fazio, III, Esq.<br>Ericka A. Jacobs, Esq.<br>Paul, Hastings, Janofsky & Walker, LLP<br>3579 Valley Centre Drive<br>San Diego, California 92130<br>Telephone: 858.720-2500<br>Facsimile: 858.720-2555<br>stephenkorniczky@paulhastings.com |

| | |
|---|---|
| | christianplatt@paulhastings.com<br>amysimpson@paulhastings.com<br>jamesfazio@paulhastings.com<br>erickajacobs@paulhastings.com<br><br>Paul J. Wilson, Esq.<br>Paul, Hastings, Janofsky & Walker, LLP<br>875 15th Street, NW<br>Washington, DC 20005<br>Telephone: 202.551.1748<br>Facsimile: 202.551.0148<br>paulwilson@paulhastings.com<br><br>James Coughlan, Esq.<br>Paul, Hastings, Janofsky & Walker, LLP<br>191 N. Wacker Drive, 30th Floor<br>Chicago, Illinois 60606<br>Telephone: 312.499.6047<br>Facsimile: 312.499.6147<br>jamescoughlan@paulhastings.com |
| | |
| **Symantec Corporation** | Mark A. Flagel, Esq.<br>Latham & Watkins, LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, California 90071<br>Telephone: 213.4851234<br>Facsimile: 213.891.8763<br>mark.flagel@lw.com<br><br>Michael J. Schallop, Esq.<br>Latham & Watkins, LLP<br>140 Scott Drive<br>Menlo Park, California 94025<br>Telephone: 650.328.4600<br>Facsimile: 650.463.2600<br>michael.schallop@lw.com<br><br>David A. Nelson, Esq.<br>Michael F. Harte, Esq.<br>Latham & Watkins LLP<br>233 South Wacker |

12 REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARC, APAC, AND ATSC'S MOTION TO DISMISS AND/OR STRIKE COUNTERCLAIMS

| | |
|---|---|
| | Chicago, Illinois 60606<br>Telephone: 312.876.7700<br>Facsimile: 312.993.9767<br>david.nelson@lw.com<br>michael.harte@lw.com |
| | |
| **NetScout Systems, Inc.** | Steven M. Hanle, Esq.<br>Stradling Yocca Carlson & Rauth<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, California 92660<br>Telephone: 949.725.4000<br>Facsimile: 949.725.4100<br>shanle@sycr.com<br><br>Richard S. Sanders, Esq.<br>Jay Kesten, Esq.<br>Cooley Godward Kronish LLP<br>The Prudential Tower<br>800 Boylston Street • 46th Floor<br>Boston, MA 02199<br>Telephone: 617.937.2317<br>Facsimile: 617.937.2400<br>rsanders@cooley.com<br>jkesten@cooley.com<br><br>Alastair J.M. Findeis, Esq.<br>Cooley Godward Kronish LLP<br>101 California Street, 5th Floor<br>San Francisco, California 94111-3580<br>Telephone: 415.693.2000<br>Facsimile: 415.693.2222<br>afindeis@cooley.com |
| | |
| **F-Secure, Inc.** | Marc N. Bernstein, Esq.<br>Sarah Botz, Esq.<br>Theodore J. Cody, Esq.<br>The Bernstein Law Group, P.C.<br>555 Montgomery Street, Suite 1650<br>San Francisco, California 94111<br>Telephone: 415.765.6633 |

13 REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARC, APAC, AND ATSC'S MOTION TO DISMISS AND/OR STRIKE COUNTERCLAIMS

| | |
|---|---|
| | Facsimile: 415.283.4804<br>mbernstein@blgrp.com<br>sbotz@blgrp.com<br>tcody@blgrp.com<br><br>Donald J. Putterman, Esq.<br>Sideman & Bancroft LLP<br>One Embarcadero Center, Eighth Floor<br>San Francisco, California 94111<br>Telephone: 415.392.1960<br>Facsimile: 415.392.0827<br>dputterman@sideman.com |
| | |
| **Oracle Corporation** | Mark A. Flagel, Esq.<br>Latham & Watkins, LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, California 90071<br>Telephone: 213.485.1234<br>Facsimile: 213.891.8763<br>mark.flagel@lw.com<br><br>Michael Harte, Esq.<br>David A. Nelson, Esq.<br>Latham & Watkins LLP<br>Sears Tower – Suite 5800<br>233 South Wacker<br>Chicago, Illinois 60606<br>Telephone: 312.876.7700<br>Facsimile: 312.993.9767<br>michael.harte@lw.com<br>david.nelson@lw.com |
| | |
| **SAS Institute, Inc.** | David A. Randall, Esq.<br>Robert W. Dickerson, Jr., Esq.<br>Jones Day<br>555 South Flower Street, 15th Floor<br>Los Angeles, CA 90071<br>Telephone: 213.489.3939<br>Facsimile: 213.243.2539<br>darandall@jonesday.com |

| | |
|---|---|
| | rwdickerson@jonesday.com |
| | |
| **Business Objects Americas f/k/a Business Objects, Inc.** | Behrooz Shariati, Esq.<br>James E. Glore, Esq.<br>Jones Day<br>1755 Embarcadero Road<br>Palo Alto, California 94303<br>Main: 650.739.3939<br>Fax: 650.739.3900<br>jeglore@jonesday.com<br>bshariati@jonesday.com |
| | |
| **BMC Software, Inc.** | Chad Shear, Esq.<br>Fish and Richardson PC<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: 214.747.5070<br>Facsimile: 214.747.2091<br>shear@fr.com<br><br>Joseph P. Reid, Esq.<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, California 92130-2081<br>Telephone: 858.678.5070<br>Facsimile: 858.678.5099<br>reid@fr.com<br><br>Michael Chibib, Esq.<br>Bradley D. Coburn, Esq.<br>Ryan McCarthy, Esq.<br>Fish and Richardson PC<br>111 Congress Avenue, Suite 810<br>Austin, Texas 78701<br>Telephone: 512.472.5070<br>Facsimile: 512.320.8935<br>chibib@fr.com<br>coburn@fr.com<br>rmccarthy@fr.com |
| | |

| | |
|---|---|
| **Cognos Corporation** | Gregory L. Lippetz, Esq.<br>Jessie Amberg, Esq.<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, California 94111-4067<br>Telephone: 415.393.2655<br>Facsimile: 415.262.9202<br>gregory.lippetz@bingham.com<br>jessie.amberg@bingham.com<br><br>Ryan M. Nishimoto, Esq.<br>Bingham McCutchen LLP<br>335 South Grand Avenue, Suite 4400<br>Los Angeles, California 90071-3106<br>Telephone: 213.680.6782<br>Facsimile: 213.830.8656<br>ryan.nishimoto@bingham.com |
| | |
| **International Business Machines Corporation** | Mike Powell, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>Telephone: 650.801.5000<br>Facsimile: 650.801.5100<br>mikepowell@quinnemanuel.com |
| | |
| **SAP America, Inc.** | Behrooz Shariati, Esq.<br>James E. Glore, Esq.<br>Jones Day<br>1755 Embarcadero Road<br>Palo Alto, California 94303<br>Telephone: 650.739.3939<br>Facsimile: 650.739.3900<br>jeglore@jonesday.com<br>bshariati@jonesday.com |
| | |

| | |
|---|---|
| **Microstrategy, Inc. d/b/a MSIMicrostrategy Incorporated** | William McElwain, Esq.<br>James L. Quarles, III, Esq.<br>Wilmer Cutler Pickering Hale and Dorr<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Telephone: 202.663.6000<br>Facsimile: 202.663.6363<br>william.mcelwain@wilmerhale.com<br>james.quarles@wilmerhale.com<br><br>William Bohler<br>Wilmer Cutler Pickering Hale and Dorr<br>1117 California Avenue<br>Palo Alto, California 94304<br>Telephone: 650 858 6000<br>Facsimile: 650 858 6100<br>william.bohler@wilmerhale.com |
| | |
| **Information Builders, Inc.** | Jeffrey C. Morgan<br>Troutman Sanders LLP<br>Bank of America Plaza<br>600 Peachtree Street, N.E.<br>Atlanta, Georgia 30308-2216<br>Telephone: 404.885.3661<br>Facsimile: 404.962.6530<br>jeffrey.morgan@troutmansanders.com<br><br>Joseph H. Einstein<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, New York 10005<br>Telephone: 212.907.0843<br>Facsimile: 212.883.7043<br>jeinstein@labaton.com<br><br>Jon W. Gurka<br>Knobbe, Martens, Olson & Bear, LLP<br>2040 Main Street, 14th Floor<br>Irvine, California 92614<br>Telephone: 949.760.0404 |

| | |
|---|---|
| | Facsimile: 949.760.9502<br>jon.gurka@kmob.com |
| | |
| **Aspen Technology Inc. d/b/a Massachusetts Aspen Technology, Inc.** | Craig N. Hentschel<br>Dykema Gossett LLP<br>333 South Grand Avenue, Suite 2100<br>Los Angeles, California 90071<br>Telephone: 213.457.1800<br>Facsimile: 213.457.1850<br>chentschel@dykema.com<br><br>Robert C. Morgan<br>Hiroyuki Hagiwara<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212. 596.9000<br>Facsimile: 212.596.9090<br>robert.morgan@ropesgray.com<br>hiroyuki.hagiwara@ropesgray.com |

* * *