Jeffrey R. Bragalone (*pro hac vice*)
Jennifer M. Rynell (*pro hac vice*)
Glenn E. Janik (*pro hac vice*)
SHORE CHAN BRAGALONE, LLP
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
jbragalone@shorechan.com
jrynell@shorechan.com
gjanik@shorechan.com

Ronald P. Oines (SBN 145016)
Michael D. Adams (SBN 185835)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035
roines@rutan.com
madams@rutan.com

Attorneys for Plaintiff
DIAGNOSTIC SYSTEMS CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DIAGNOSTIC SYSTEMS CORPORATION,<br><br>    *Plaintiff and Counterdefendant,*<br><br>v.<br><br>SYMANTEC CORPORATION, et al.,<br><br>    *Defendants and Counterclaimants.* | CASE NO. SA CV 06-1211 DOC (ANx)<br>**LEAD CASE (CONSOLIDATED** with Case No. SACVO7-960 AG (MLGx))<br><br>**PLAINTIFF'S ANSWER TO MICROSTRATEGY INCORPORATED'S AMENDED COUNTERCLAIMS AGAINST DIAGNOSTIC SYSTEMS CORPORATION** |
| MICROSTRATEGY INCORPORATED,<br><br>    *Counterdefendant,*<br><br>v.<br><br>DIAGNOSTIC SYSTEMS CORPORATION, ACACIA RESEARCH CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, and ACACIA TECHNOLOGY SERVICES CORPORATION,<br><br>    *Counterclaim-Defendants.* | The Honorable David O. Carter |

Plaintiff and Counter-Defendant Diagnostic Systems Corporation ("DSC"), by and through its attorneys, answers herein the numbered paragraphs MicroStrategy Incorporated's ("MicroStrategy") Counterclaims. Unless expressly admitted, all of the averments asserted by MicroStrategy in its Counterclaims should be deemed denied.

## JURISDICTION AND VENUE

1.      Paragraph 180 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, DSC admits that MicroStrategy purports to state a claim for Declaratory Relief and that MicroStrategy purports to base federal jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States as well as under Title 35 of the United States Code and 28 U.S.C. §§ 1331, 1338. To the extent based upon an alleged claim of "alter-ego," DSC denies that such claims arise under the patent laws of the United States, and denies that this Court has subject matter jurisdiction over such "alter-ego" claims under either Title 35 of the United States Code and/or 28 U.S.C. §§ 1331, 1338. Because this Court lacks subject matter jurisdiction to the extent the claims are based on an alter-ego theory, DSC further denies that this Court has jurisdiction over said claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. DSC denies any and all remaining allegations and/or legal conclusions contained in Paragraph 180 of the Counterclaims.

2.      Paragraph 181 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be necessary, DSC admits that it has submitted to personal jurisdiction of this Court by filing a complaint here. DSC denies any and all remaining allegations and/or legal conclusions contained in Paragraph 181 of the Counterclaims.

3.      Paragraph 182 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be

necessary, DSC admits that it has submitted to venue under 28 U.S.C. §§ 1391 and 1400 of this Court by filing a complaint here. DSC denies any and all remaining allegations and/or legal conclusions contained in Paragraph 182 of the Counterclaims.

## PARTIES

4.    DSC admits the facts stated in Paragraph 183 of the Counterclaims.

5.    DSC admits that Acacia Research Corporation is a Delaware Corporation with an address of 500 Newport Center Drive, 7th floor in Newport Beach, California. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 184, and therefore denies same.

6.    DSC denies that Acacia Technology Services Corporation is a Delaware Corporation with an address of 500 Newport Center Drive, 7th floor in Newport Beach, California. DSC denies that Acacia Technology Services Corporation is a wholly owned subsidiary of Acacia Research Corporation. DSC admits that Acacia Technology Services LLC is a Delaware Limited Liability Company with an address of 500 Newport Center Drive, 7th floor in Newport Beach, California. DSC admits that Acacia Technology Services LLC is a wholly owned subsidiary of Acacia Research Corporation. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 185, and therefore denies same.

7.    DSC denies that Acacia Patent Acquisition Corporation is a Delaware Corporation with an address of 500 Newport Center Drive, 7th floor in Newport Beach, California. DSC denies that Acacia Patent Acquisition Corporation is a wholly owned subsidiary of Acacia Research Corporation. DSC admits that Acacia Patent Acquisition LLC is a Delaware Limited Liability Company with an address of 500 Newport Center Drive, 7th floor in Newport Beach, California. DSC admits that Acacia Patent Acquisition LLC is a wholly owned subsidiary of Acacia

Research Corporation. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 186, and therefore denies same.

8. DSC admits the facts stated in Paragraph 187 of the Counterclaims.

## FACTS

9. DSC admits the facts stated in Paragraph 188 of the Counterclaims.

10. DSC admits the facts stated in Paragraph 189 of the Counterclaims.

11. Paragraph 190 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, DSC admits that an actual and justiciable controversy exists between DSC and MicroStrategy as to the validity and enforceability of the '590 patent. DSC denies that MicroStrategy has properly asserted a counterclaim for declaratory judgment of non-infringement, as that issue is already before the Court in DSC's pleading of infringement and MicroStrategy's assertion of the affirmative defense of non-infringement. DSC further admits that MicroStrategy purports to state a claim for Declaratory Relief and that MicroStrategy purports to base federal jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202. DSC denies any and all remaining allegations and/or legal conclusions contained in Paragraph 190 of the Counterclaims.

12. DSC denies all allegations and/or legal conclusions contained in Paragraph 191 of the Counterclaims.

13. DSC denies all allegations and/or legal conclusions contained in Paragraph 192 of the Counterclaims.

14. DSC admits that the directors of DSC include Paul Ryan, Clayton Haynes and Robert "Chip" Harris. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 193, and therefore denies same.

15. DSC admits that the officers of DSC include Mr. Ryan, Mr. Haynes

and Mr. Harris. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 194, and therefore denies same.

16. DSC admits that DSC and Acacia Research Corporation, Acacia Patent Acquisition LLC, and Acacia Technology Services LLC occupy offices at the same business address. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 195, and therefore denies same.

17. DSC admits the facts stated in Paragraph 196 of the Counterclaims.

18. DSC is without sufficient information as to form a belief as to the truth or falsity of the allegations with regard to "the same lawyers" in Paragraph 197 of the Counterclaims, and therefore denies same.

19. DSC admits that it has no direct employees. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 198, and therefore denies same.

20. DSC admits that it employs the services of employees of Acacia Technology Services LLC. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 199, and therefore denies same.

21. DSC denies all allegations and/or legal conclusions stated in Paragraph 200 of the Counterclaims.

22. DSC admits the facts stated in Paragraph 201 of the Counterclaims.

23. DSC denies all factual allegations and/or legal conclusions in Paragraph 202 of the Counterclaims.

24. Paragraph 203 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, DSC denies same. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in

Paragraph 203, and therefore denies same.

25. DSC admits that it has no direct employees. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 204, and therefore denies same.

26. DSC admits the facts stated in Paragraph 205 of the Counterclaims.

27. DSC admits the facts stated in Paragraph 206 of the Counterclaims.

28. DSC admits that Mr. Vella has been employed by Acacia Technology Services LLC since November 2006. DSC admits that Mr. Vella has testified in this action as a corporate representative of both DSC and Acacia Patent Acquisition Corporation. DSC denies any and all remaining allegations and/or legal conclusions in Paragraph 207 of the Counterclaims.

29. DSC admits the facts stated in Paragraph 208 of the Counterclaims.

30. DSC is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 209, and therefore denies same.

31. DSC admits the facts stated in Paragraph 210 of the Counterclaims.

32. DSC admits the facts stated in Paragraph 211 of the Counterclaims.

33. Upon information and belief, DSC admits that Mr. Amado knew of MicroStrategy at least as early as 2001. DSC further answers that it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 212, and therefore denies same.

34. DSC is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 213, and therefore denies same.

35. DSC is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 214, and therefore denies same.

36. DSC admits that since the institution of this action, DSC has settled with several of the parties previously named as defendants, including Motive, BMC Software, SAS Institute, Aspen, Quest, F-Secure, Information Builders, NetScout and NetIQ. DSC denies all remaining factual allegations and/or legal conclusions

in Paragraph 215 of the Counterclaims.

37.     Paragraph 216 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required.  Insofar as an answer may be required, DSC denies same.  DSC further denies that Paragraph 216 of the Counterclaims states a claim for which relief can be granted.

## ANSWER TO COUNT ONE
## (NON-INFRINGEMENT)

38.     DSC repeats, re-alleges and incorporates by reference Paragraphs 1 to 37 of its Answer as if fully set forth herein with respect to Paragraph 217 of the Counterclaims.

39.     DSC denies the allegations and/or legal conclusions stated in Paragraph 218 of the Counterclaims.

40.     DSC denies the allegations and/or legal conclusions stated in Paragraph 219 of the Counterclaims and denies that MicroStrategy is entitled to a declaratory judgment.

## ANSWER TO COUNT TWO
## (INVALIDITY)

41.     DSC repeats, re-alleges and incorporates by reference Paragraphs 1 to 40 of its Answer as if fully set forth herein with respect to Paragraph 220 of the Counterclaims.

42.     DSC admits that MicroStrategy purports to deny that the '590 patent is valid.  MicroStrategy has further purported to assert that the '590 patent is invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101, *et seq.*, including without limitation §§102, 103, and/or 112.  DSC denies the claims of the '590 patent are invalid or void.  DSC denies any and all remaining allegations and/or legal conclusions contained in Paragraph 221 of the Counterclaims.

43.     DSC denies the allegations contained in Paragraph 222 that

1  MicroStrategy is entitled to a declaratory judgment that the claims of the '590 patent
2  are invalid.

3  **ANSWER TO COUNT THREE -**
4  **(UNENFORCEABILITY)**

5      44.    DSC repeats, re-alleges and incorporates by reference Paragraphs 1 to
6  43 of its Answer as if fully set forth herein with respect to Paragraph 223 of the
7  Counterclaims.

8      45.    DSC denies the allegations and/or legal conclusions contained in
9  Paragraph 224 of the Counterclaims.    DSC denies that the '590 patent is
10 unenforceable because of waiver, estoppel, laches, unclean hands and/or other
11 applicable equitable doctrines.

12     46.    DSC denies the allegation contained in Paragraph 225 of the
13 Counterclaims that Gustavo Monzon was a joint inventor of one or more claims of
14 the patent-in-suit.  DSC admits that Carlos Armando Amado was aware of his
15 obligation to disclose material information to the United States Patent and
16 Trademark Office.  DSC denies any and all remaining allegations and/or legal
17 conclusions contained in Paragraph 225 of the Counterclaims.  DSC further states
18 that the allegations in Paragraph 225 fail to satisfy the particularity requirement of
19 FED. R. CIV. P. 9(b), as they fail to provide DSC with notice of the specific conduct
20 alleged.  Specifically, Defendant MicroStrategy fails to allege any facts showing the
21 inventive contribution of an alleged co-inventor to any element of the asserted
22 claims of the patent-in-suit.

23     47.    DSC denies the allegations and/or legal conclusions contained in
24 Paragraph 226 that MicroStrategy is entitled to a declaratory judgment that the
25 claims of the '590 patent are unenforceable.

26 **ANSWER TO PRAYER**

27     48.    DSC denies that MicroStrategy is entitled to the relief sought in
28 Paragraphs A-G of its "Prayer for Relief."

## AFFIRMATIVE DEFENSES

DSC further asserts the following affirmative defenses upon information and belief:

## FIRST AFFIRMATIVE DEFENSE

49.     MicroStrategy's Counterclaims fail to state a claim upon which relief may be granted, and in particular, fail to state a claim on which there is a justifiable action for declaratory judgment, because all the matters asserted in MicroStrategy's Counterclaims can and should be fully adjudicated on DSC's claims against MicroStrategy for infringement of the '590 patent.

## SECOND AFFIRMATIVE DEFENSE

50.     DSC has not knowingly or voluntarily waived any applicable affirmative defense, and reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during discovery and investigation.

## PRAYER FOR RELIEF

WHEREFORE, DSC prays that for the following relief on its Answer to MicroStrategy's Counterclaims:

a.     That MicroStrategy take nothing by its Counterclaims, and that they be dismissed with prejudice;

b.     An award of DSC's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

c.     DSC's costs of suit herein; and

d.     Such other and further relief as this Court deems just and proper.

Dated: May 11, 2009          Respectfully submitted,

By:   */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone, Esq.
Jennifer M. Rynell, Esq.
Glenn E. Janik, Esq.
SHORE CHAN BRAGALONE LLP
901 Main Street, Suite 3300
Dallas, Texas 75202

Ronald P. Oines, Esq.
Michael D. Adams, Esq.
RUTAN & TUCKER LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626-1931

ATTORNEYS FOR PLAINTIFF
DIAGNOSTIC SYSTEMS CORPORATION

## DEMAND FOR JURY TRIAL

DSC hereby demands a jury trial.

Dated:  May 11, 2009                    By:   */s/ Jeffrey R. Bragalone*

SHORE CHAN BRAGALONE, LLP

Jeffrey R. Bragalone

ATTORNEYS FOR PLAINTIFF
DIAGNOSTIC SYSTEMS
CORPORATION

# PROOF OF SERVICE

I, Jennifer M. Rynell, declare:

I am over the age of 18 years, am not a party to this Action, and am employed in the County of Dallas, Texas.  My business address is SHORE CHAN BRAGALONE LLP, 901 Main Street, Suite 3300, Dallas, Texas 75202.

On May 11, 2009, I caused to be served the following attached document:

**PLAINTIFF'S ANSWER TO MICROSTRATEGY INCORPORATED'S**
**SECOND AMENDED COUNTERCLAIMS**
**(CONSOLIDATED FIRST AMENDED COMPLAINT)**

on the following individuals and entities, as addressed below in the Service List, by the means indicated below:

\_\_\_\_ **BY FEDERAL EXPRESS.**  I caused above-identified document(s) to be placed in a sealed Federal Express envelope(s) with delivery fees fully prepaid, for delivery to addressee(s) on the next business day.

\_\_\_\_ **BY FACSIMILE.**  I caused the above-identified document(s) to be sent by facsimile transmission to the party(ies) listed below at the facsimile number(s) shown.

\_\_\_\_ **BY HAND DELIVERY.**  I directed a messenger/courier to personally deliver said document(s) to the addressees identified below on the same business day.

\_\_\_\_ **BY U.S. MAIL.**  I caused the above-identified document(s) to be deposited for collection at Shore Chan Bragalone following the regular practice for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, correspondence is deposited with the United States Postal Service on this day.

\_**X** **ELECTRONIC MAIL.**  I caused the above-identified document(s) to be sent by electronic mail via the Court's ECF filing system to all counsel of record for Defendants.

I declare under penalty of perjury that the following is true and correct.

Executed at Dallas, Texas on May 11, 2009.

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell

1

## <u>SERVICE LIST</u>

2

CASE NO. SA CV 06-1211 DOC (ANx)[**LEAD CASE**]

3

*DIAGNOSTIC SYSTEMS CORPORATION vs. SYMANTEC, et. al.*

4

(**CONSOLIDATED** with Case No. SACVO7-960 AG (MLGx))

5

*DIAGNOSTIC SYSTEMS CORPORATION vs. COGNOS CORPORATION, et. al.*

6

7
William McElwain, Esq.
william.mcelwain@wilmerhale.com

8
James L. Quarles, III, Esq.
james.quarles@wilmerhale.com

9
William Bohler, Esq.
william.bohler@wilmerhale.com

10
Christine Eileen Duh, Esq.
christine.duh@wilmerhale.com

11
Elizabeth Rogers, Esq.
elizabeth.rogers@wilmerhale.com

12
Timothy R. Jezek, Esq.
timothy.jezek@wilmerhale.com

13
David Bassett, Esq.
david.bassett@wilmerhale.com

14

Mark A. Flagel, Esq.
mark.flagel@lw.com

Michael W. DeVries, Esq.
mike.devries@lw.com

Michael F. Harte, Esq.
mike.harte@quinnemanuel.com

Carissa S. Yee, Esq.
carisa.yee@lw.com

Andrew J. Fossum, Esq.
andrew.fossum@lw.com

Jennifer Bauer, Esq.
jenniferbauer@quinnemanual.com

15

16
**Attorneys for Defendant
Microstrategy, Inc. d/b/a
MSIMicrostrategy Incorporated**

17

**Attorneys for Defendant
Symantec Corporation
and Oracle Corporation**

18

19
Robert W. Stone, Esq.
robertstone@quinnemanuel.com

20
David T. Pollock, Esq.
davidpollock@quinnemanuel.com

21
Randall T. Garteiser, Esq.
randygarteiser@quinnemanuel.com

22
Peter Mei, Esq.
peter.mei@viplawgroup.com

23

24
**Attorneys for Defendant
International Business Machines
Corporation and Cognos
Corporation**

25

26

Todd R. Miller, Esq.
trmiller@jonesday.com

James E. Glore, Esq.
jeglore@jonesday.com

Greg Lanier, Esq.
tglanier@jonesday.com

**Attorneys for Defendants
Business Objects Americas f/k/a
Business Objects, Inc.
and SAP America, Inc.**

27

28