MARC J. SCHNEIDER, State Bar No. 214609
  mschneider@sycr.com
DOUGLAS Q. HAHN, State Bar No. 257559
  dhahn@sycr.com
MATTHEW S. MAZZA, State Bar No. 228583
  mmazza@sycr.com
MATTHEW T. MONTGOMERY, State Bar No. 260149
  mmontgomery@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660-6422
Telephone:  (949) 725-4000
Facsimile:   (949) 725-4100

Attorneys for Counterclaim-Defendants
ACACIA RESEARCH CORPORATION,
ACACIA PATENT ACQUISITION, LLC,
and ACACIA TECHNOLOGIES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| DIAGNOSTIC SYSTEMS CORPORATION,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>SYMANTEC CORPORATION, et al.,<br><br>    Defendants and Counterclaimants. | **Case No. SACV 06-1211 DOC (ANX)**<br>(Consolidated With SAVC 07-960 DOC (ANx))<br><br>**STIPULATION OF ALL PARTIES RESOLVING ALL PENDING DISCOVERY DISPUTES RELATING TO DOCKET NOS. 755, 777, 795, 799, 805, 812, AND 817**<br><br>Hearing:<br><br>Date:          November 24, 2009<br>Time:          10:00 a.m.<br>Ct. Room:   6B<br>Judge:         Hon. Arthur Nakazato<br><br>Pre-Trial Conf.:   January 25, 2010<br>Trial Date:           February 23, 2010 |
| MICROSTRATEGY INCORPORATED,<br><br>    Counterclaimant,<br><br>v.<br><br>DIAGNOSTIC SYSTEMS CORP., ACACIA RESEARCH CORP., ACACIA PATENT ACQUISITION CORP., AND ACACIA TECHNOLOGY SERVICES CORP.,<br><br>    Counterdefendants. | |

STRADLING YOCCA
CARLSON & RAUTH
   LAWYERS
NEWPORT BEACH

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES

Plaintiff Diagnostic Systems Corporation ("DSC"); Counterdefendants Acacia Research Corporation, Acacia Patent Acquisition, LLC and Acacia Technologies LLC (the "Acacia Entities"); and Defendants Oracle Corporation ("Oracle") and MicroStrategy Incorporated ("MicroStrategy"), by and through their undersigned counsel, respectfully submit this Stipulation Resolving All Pending Discovery Disputes between DSC, the Acacia Entities, Oracle and MicroStrategy. Following extensive meet and confer discussions between the Parties, all discovery disputes involving them have been completely resolved by agreement. Accordingly, counsel for DSC, Oracle, the Acacia Entities and MicroStrategy respectfully request that the Court issue an Order vacating the November 24, 2009 hearing.

WHEREAS, various discovery-related disputes arose between DSC, Oracle, MicroStrategy and the Acacia Entities (collectively, the "Parties");

WHEREAS, those disputes were submitted by the Parties to this Court for resolution in a series of seven joint stipulations and motions (the "Discovery Motions"), specifically: DSC's motion to withdraw any purported deemed admissions and for extension of time to respond to Oracle's discovery requests (Docket. No. 755); MicroStrategy's motion for inspection of potential document destruction (Docket No. 777); MicroStrategy's motion to compel the Acacia Entities to provide supplemental discovery responses (Docket No. 795); Defendants' motion to compel DSC to produce source code for the "Closed Modules" (Docket No. 799); Oracle's motion to compel DSC to produce documents, answer written discovery, and withdraw improper objections to deposition testimony (Docket No. 805); Defendants' motion for leave to take additional depositions (Docket No. 812); and DSC's motion to compel source code testimony from Oracle (Docket No. 817);

WHEREAS, on October 26, 2009, this Court entered an Order setting a hearing on the Discovery Motions to begin at 10:00 a.m. on November 24, 2009

-1-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES

1  (the "Discovery Hearing"), and directing the Parties to meet and confer in good
2  faith to resolve or limit the discovery disputes prior to the Discovery Hearing (*see*
3  October 26, 2009 Minute Order, Docket No. 826); and
4       WHEREAS, the Parties have met and conferred in good faith and have
5  agreed upon resolutions to all of the pending Discovery Motions.
6       NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that,
7  subject to the approval of this stipulation of all Parties by this Court, the Parties
8  and their respective counsel request that the Court vacate the Discovery Hearing,
9  and the pending Discovery Motions shall be resolved as follows pursuant to the
10 agreements reached by the Parties during the aforementioned meet and confer
11 discussions:

**Defendants' Motion for Leave to Take Additional Depositions (Docket No. 812)**

14   1.  Oracle and MicroStrategy (together, "Defendants") shall take the
15 depositions of Tisha Stender, Amy Pearson (Magas), and John Roop on the limited
16 topics of (1) alleged destruction by Acacia/DSC of documents; (2) alleged
17 mischaracterization by Acacia/DSC of the patents-in-suit in connection with letters
18 sent to third parties; and (3) alleged efforts to conceal or ignore prior art known to
19 DSC/Acacia, as purportedly described by Mr. Hawley's testimony.  Each
20 deposition shall be limited to two (2) hours total.  The parties have stipulated that
21 Ms. Stender's deposition may proceed by telephone or in person in Dallas, Texas
22 (where Ms. Stender is located), in light of the recent birth of her daughter in Texas.
23 2.  In the event that any of the foregoing deponent's testimony suggests that
24 further inquiry into the aforementioned topics is necessary, then the Parties shall
25 reconvene within three business days of the conclusion of the last of the
26 depositions, for a good faith meet and confer discussion about any further limited
27 depositions that may help resolve any issues.  If the testimony elicited from the
28 deponents fails to support further inquiry, however, then Defendants shall not take

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES

1  additional fact depositions about the aforementioned topics in this action.

### MicroStrategy's Motion for Inspection of Potential Document Destruction (Docket No. 777)

3. MicroStrategy shall withdraw the pending motion for inspection by a third party of potential document destruction to allow the foregoing depositions (in relation to Docket No. 812) to first occur. Within three business days after completion of one or more of the depositions, however, the Parties shall meet and confer in good faith at MicroStrategy's request in an effort to determine whether any such inspection of potential document destruction is reasonably necessary in light of any of those depositions and other testimony and documentary evidence in this matter, and, if one is, a reasonable scope for and who shall bear the costs of such an investigation.

4. In the event of an impasse despite good faith meeting and conferring, MicroStrategy shall have the right to immediately serve its portion of a joint stipulation in support of a third party inspection of potential document destruction. DSC and/or the Acacia Entities shall provide their respective portions of the joint stipulation within five calendar days. The Parties shall work together to finalize, execute and file the joint stipulation as quickly as possible thereafter. No supplemental memoranda shall be filed after the joint stipulation is filed. The matter shall be heard on the first available hearing date after the submission of the joint stipulation.

### DSC's Motion to Withdraw Purported Deemed Admissions and for Extension of Time to Respond to Oracle's Discovery Requests (Docket No. 755)

5. DSC has agreed to withdraw its claim against Oracle for infringement of the '400 Patent from this suit. DSC has further stipulated that the Oracle Business Activity Monitoring product and Oracle's PeopleSoft products are not Accused Products in the case. DSC and Oracle are continuing to negotiate about

-3-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES

the form of these withdrawals and their impact on Oracle's counterclaims relating thereto. DSC will provide by December 3, 2009 a response in the form of an interrogatory answer that states the basis for DSC's denial of each Request for Admission that DSC denied. DSC will also reconsider certain denials, and, by December 3, 2009, amend its responses to the Requests for Admissions with qualified admissions wherever possible.

6. Oracle and DSC agree that the Court should permit withdrawal of any deemed admissions, and Oracle hereby stipulates that it will not contend that any of DSC's responses to Oracle's First or Second Set of Requests for Admissions are deemed admitted due to being served after the due date for same. Oracle and DSC further stipulate that the due date for DSC's responses and objections to Oracle's Third Set of Interrogatories is extended to September 1, 2009.

### MicroStrategy's Motion to Compel the Acacia Entities to Provide Supplemental Discovery Responses (Docket No. 795)

7. The Acacia Entities and MicroStrategy have agreed that supplemental responses to MicroStrategy's pending special interrogatories and requests for admissions to the Acacia Entities regarding alter ego issues (the "Alter Ego Discovery") shall be necessary in the event that Judge Carter either (a) denies the Acacia Entities' pending motion to bifurcate the alter ego issues, and stay related discovery, from the substantive patent claims in this litigation (the "Bifurcation Motion" (Docket No. 750)), or (b) declines to stay related discovery.

8. The Acacia Entities and MicroStrategy met and conferred in good faith on November 17, 2009, and agreed upon certain limitations on the Alter Ego Discovery. The Acacia Entities shall respond to the so limited Alter Ego Discovery within ten (10) calendar days of either (a) an Order denying the Bifurcation Motion or (b) an Order granting the bifurcation motion in part but denying a stay of alter ego discovery. If the Bifurcation Motion is granted, however, and alter ego discovery is specifically and expressly stayed by the Court

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES

1  pending a resolution on the merits, then the Acacia Entities shall only be required
2  to respond to the limited Alter Ego Discovery in the event that the Court finds this
3  case "exceptional" pursuant to 25 U.S.C. § 285. In the event that such a finding is
4  made by the Court, then the Acacia Entities shall have twenty (20) calendar days
5  from the date of the Court's finding to respond to the limited Alter Ego Discovery.

### Defendants' Motion to Compel DSC to Produce Source Code for the "Closed Modules" (Docket No. 799)

8  9.  Defendants agree to withdraw their motion to compel DSC to produce the source code for the "closed modules" provided that Defendants and DSC hereby stipulate that Defendants' withdrawal is: (a) without prejudice to either Oracle's or MicroStrategy's right to argue that the Court should impose an adverse inference instruction against DSC due to its failure to produce the source code for the closed modules, and (b) without prejudice to DSC's right to fully dispute Oracle's or MicroStrategy's claim.

### Oracle's Motion To Compel DSC To Produce Documents, Answer Written Discovery, And Withdraw Improper Objections To Deposition Testimony (Docket No. 805)

10.  DSC and Oracle met and conferred regarding each of the issues raised in Oracle's Motion to Compel DSC to Produce Documents, Answer Written Discovery, and Withdraw Improper Objections to Deposition Testimony. DSC and Oracle agreed that portions of Oracle's Motion to Compel were moot in light of DSC's production of certain documents, as well as a supplemental privilege log regarding documents withheld by DSC based on a claim of privilege. Regarding Oracle's Motion as it relates to DSC's response to Oracle's Interrogatory No. 7, DSC has served a supplemental response to Oracle's Interrogatory No. 7 regarding DSC's claims regarding Mr. Amado's dates of conception of the '590 Patent, without prejudice to Oracle's ability to object to introduction of any evidence that Oracle believes is not adequately disclosed in DSC's supplemental response or to

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES

1 DSC's ability to fully oppose any such objection.

2     11. Regarding Oracle's Motion as it relates to the allegation that Mr. Vella withheld testimony that was related to alleged document destruction or the perpetration of alleged fraud based on assertions of privilege, DSC has agreed to provide a sworn declaration of Mr. Vella that none of the privileged communications related in any way to alleged document destruction or to the perpetration of fraud.

3     12. Regarding Oracle's Motion as it relates to the "Patent Café" report, DSC has agreed to disclose in a supplemental interrogatory answer any prior art referenced in the Patent Café report in satisfaction of Oracle's motion to compel the entire report.

4     13. Regarding Oracle's Motion as it relates to the allegation that improper assertions of privilege were made at Mr. Hawley's deposition that prevented him from providing certain testimony, DSC and Oracle agreed that deposition counsel for Mr. Hawley, Ms. Brooke Taylor, would confirm or deny that no substantive information was withheld by Mr. Hawley in reliance on the specific objections referenced in Oracle's motion. On November 19, 2009, during a phone call with counsel for DSC and Oracle, Ms. Taylor stated that Mr. Hawley did not withhold any information based on the specific objections referenced in Oracle's motion.

**DSC's Motion to Compel Source Code Testimony from Oracle (Docket No. 817)**

14. DSC and Oracle met and conferred regarding DSC's Motion to Compel testimony from Oracle witnesses regarding the operation of Oracle's Accused Products at the source code level. Oracle has agreed to produce certain additional witness or witnesses to be designated by Oracle pursuant to Fed. R. Civ. P. 30(b)(6).

15. The depositions shall be limited in scope in accordance with an agreement between DSC and Oracle. The additional depositions shall be limited to

-6-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES

a total of eight hours (with roughly two hours allocated to each Accused Product). The Parties stipulate that, due to the location of certain witnesses, some witnesses may appear telephonically. DSC agrees that these depositions will satisfy DSC's demand for additional depositions as set forth in its Motion to Compel, and hereby agrees to withdraw its motion based on the foregoing agreement.

### Request for Entry of Order Vacating Discovery Hearing

16. In light of the foregoing proposed resolution of all discovery disputes encompassed thereby, the Parties hereby agree to the foregoing stipulations, and respectfully request that the Court approve of same. In addition, the Court's October 26, 2009 Order states that "If counsel are able to resolve their pending disputes before the November 24, 2009 hearing, counsel are directed to inform the Court and the November 24th hearing date will be vacated." The Parties hereby submit the foregoing stipulation in satisfaction of this requirement, and inform the Court that the Parties have resolved all discovery disputes relating to Docket Nos. 755, 777, 795, 799, 805, 812 and 817. Accordingly, counsel for DSC, the Acacia

///
///
///

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES

1  Entities, Oracle and MicroStrategy respectfully request that the Court vacate the
2  November 24 Discovery Hearing.

3  Dated: November 20, 2009     STRADLING YOCCA CARLSON & RAUTH
4                               A Professional Corporation

5                               By:  /s/ - Marc J. Schneider
                                     Marc J. Schneider
6                                    Attorneys for Counterdefendants
7                                    ACACIA RESEARCH CORP., et al.

8  Dated: November 20, 2009     SHORE CHAN BRAGALONE LLP

9                               By:  /s/ - Jeffrey R. Bragalone
                                     Jeffrey R. Bragalone
10                                   Attorneys for Plaintiff
11                                   DIAGNOSTIC SYSTEMS CORP.

12 Dated: November 20, 2009     LATHAM & WATKINS LLP

13                              By:  /s/ - Michael W. DeVries
                                     Michael W. DeVries
14                                   Attorneys for Defendant
15                                   ORACLE CORPORATION

16 Dated: November 20, 2009     WILMER CUTLER PICKERING HALE
                                AND DORR LLP
17
                                By:  /s/ - Paul B. Keller
18                                   Paul B. Keller
                                     Attorneys for Defendant and
19                                   Counterclaimant
20                                   MICROSTRATEGY INCORPORATED

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

CASE NO. SACV06-1211 DOC (ANx)
Consolidated with CV07-960 DOC (ANx)
DOCSSB/27015v6/101022-0017

STIPULATION OF ALL PARTIES RESOLVING
ALL PENDING DISCOVERY DISPUTES